## Jennieve Craig, Appellee, v. William Boudouris and George Colovos, trading as Ideal Restaurant, Appellants.

1. WORKMEN'S COMPENSATION—*when business "mercantile establishment" within act.* Persons operating a restaurant and in connection therewith selling at retail various articles of food, tobacco, candy and chewing gum, held conducting a "mercantile establishment" within the meaning of the Workmen's Compensation Act.

2. WORKMEN'S COMPENSATION—*when business subject to statutory and ordinance regulation of machinery within act.* A restaurant in the kitchen of which was an exhaust fan 3 or 4 feet in diameter, run by a motor of 3-horsepower, and a dough-mixing or meat-grinding machine operated by a 6-horsepower motor, and in the main room of which were ceiling fans, an electric sign and electric lights, all of which installation was subject to an ordinance imposing regulations governing the placement and safeguarding the same, held an establishment as to which statutory and municipal ordinance regulations were imposed for the regulating, guarding, use and placing of machinery and appliances for the protection and safeguarding of employees and the public within the Workmen's Compensation Act.

3. WORKMEN'S COMPENSATION—*employee not working in part of premises containing power-driven machinery as within act.* Where there was in an employer's establishment power-driven machinery subject to statutory and ordinance regulation, an employee in such establishment was under the Workmen's Compensation Act notwithstanding his employment did not require the performance of any duties in the part of the plant occupied by such machinery.

4. SAVING QUESTIONS FOR REVIEW—*when motion for directed verdict sufficient to save question as to whether injured employee and one causing injury were fellow-servants.* Where a declaration in

an action for personal injury to an employee did not allege that the injured employee and the servant, whose negligence was alleged to have caused the injury, were not fellow-servants, and it did not appear from the averments of the declaration that such relation did not exist, the question as to whether such employees were fellow-servants was properly saved for review by the motion of the employer for a directed verdict, made at the close of the evidence.

5. MASTER AND SERVANT—*when question whether co-employees were fellow-servants one of law.* In an action for injury to an employee through the alleged negligence of another employee of the same master, the question as to whether the employees in question were fellow-servants held one of law for the court, the facts in regard to the matter being undisputed.

Appeal by defendants from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1926. Reversed. Opinion filed July 9, 1926.

A. A. ALEXANDER, C. E. POPE and H. F. DRIEMEYER, for appellants.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee, a waitress in appellants' restaurant, in East St. Louis, sued to recover damages for a personal injury alleged to have been caused by the negligence of a colored porter in the employ of appellants. In addition to the general issue appellants pleaded specially that at the time in question they were conducting a mercantile establishment, an enterprise in which statutory and municipal regulations were imposed for regulating, guarding, use and placing of machinery and appliances, and for the protection and safeguarding of their employees and the public therein; that by reason thereof they and appellee were automatically under the Workmen's Compensation Act [Cahill's St. ch. 48, ¶ 201 *et seq.*]. Issues

were joined and the trial resulted in a verdict and judgment for $1,500.

Appellants contend that the court erred in refusing to direct a verdict in their favor because they and appellee were subject to the Workmen's Compensation Act. Section three (3) of that act provides that it shall apply automatically to all employers and to all their employees engaged in any department of any enterprise in which statutory or municipal ordinance regulations are imposed for the regulating, guarding, use or placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein. Cahill's St. (1925) ch. 48, ¶ 202.

Another statute provides: "That all power driven machinery * * *; all projecting set screws on moving parts; all * * *, belting, shafting, tables, * * *; all * * * and machinery of every description; all systems of electrical wiring or transmission; all dynamos and other electrical apparatus and appliances * * * in any factory, or mercantile establishment * * * shall be so located wherever possible, as not to be dangerous to employees or shall be properly enclosed, fenced or otherwise protected. All dangerous places in or about mercantile establishments, * * * near to which any employee is obliged to pass, or to be employed shall, where practicable, be properly enclosed, fenced or otherwise protected." Cahill's St. (1925) ch. 48, ¶ 143. By paragraph 164 [Cahill's St. ch. 48, ¶ 164] of the same statute it is provided that it shall be the duty of every person, firm or corporation to which the provisions of said act applies, to carry out the same, and make all the changes and additions necessary therefor, and in every way to comply with all the provisions of the act. Paragraph 170 of the act [Cahill's St. ch. 48, ¶ 170] declares that the term "mercantile establishment" shall include all concerns

or places where goods, wares or merchandise are purchased or sold, either at wholesale or retail.

The undisputed evidence is that appellants conducted a restaurant in which they sold at retail oysters in bulk, fish, meat, cereals, milk, vegetables, pies, cakes, bread, olives, jelly, cigars, cigarettes, tobacco, candy and chewing gum, in addition to serving meals and lunches. In the kitchen of the restaurant there was a circular exhaust fan three or four feet in diameter, consisting of many steel blades, which was located in the west wall and used for the purpose of drawing the smoke and odors out of the room. The fan was operated by a 3-horsepower electric motor and they were attached by means of a shaft, pulley, belt and set-screw. There was a dough-mixing or meat grinding machine operated by a 6-horsepower electric motor. There were ceiling fans, an electric sign and electric lights. The wiring for the motors carried 440 volts, and the other wires 110 volts.

Appellee proved by the city electrician that there was a city ordinance which imposed regulations for the guarding and placing of electric motors, wires and other apparatus; that permits were required for the installation of motors; that it was his duty to see that the wiring was done in a safe and proper manner for the protection of employees and the public; that the wires had to be placed in conduits; that if the wires were exposed or the fan was near the floor and not properly guarded a permit to install the motors would not be granted; that the electric current in appellants' place of business was strong enough to kill the average person. He also testified that he inspected appellants' premises and found that the wires, motors and machinery were properly placed and guarded as required by the city ordinance, and that a permit was issued to appellants to use the same.

We see no escape from the conclusion that appel-

lants were conducting a "mercantile establishment,"
as that term is defined by the statute, in which both
statutory and municipal ordinance regulations were
imposed for the regulating, guarding, use and plac-
ing of machinery and appliances for the protection
and safeguarding of their employees and the public
therein. That being true, the parties were subject to
the Workmen's Compensation Act regardless of the
fact that appellee's duties did not require her to work
in the room where the power driven machinery was
used. *Marshall Field Co. v. Industrial Commission,*
305 Ill. 134; *Ascher Bros. Amusement Enterprises v.
Industrial Commission,* 311 Ill. 258. It follows, neces-
sarily, that the court should have directed a verdict
in favor of appellants.

Appellants also contend that even if the porter was
guilty of negligence which caused the injury, yet the
court should have directed a verdict in their favor
because the uncontradicted evidence shows that the
porter and appellee were fellow-servants. Appellee
does not argue that the relation of fellow-servants
did not exist, but simply insists that appellants have
not preserved that question for review. It has been
held that a count in a declaration filed by a servant
against the master which alleges that the plaintiff's
injury resulted from the negligence of other servants
of the defendant should further allege that such serv-
ants were not fellow-servants of the plaintiff (*Schil-
linger Bros. Co. v. Smith,* 225 Ill. 74), but if it other-
wise appears from the averments that such a relation
did not exist the declaration is sufficient. *Chicago &
Alton R. Co. v. Swan,* 176 Ill. 424; *Bennett v. Chicago
City Ry. Co.,* 243 Ill. 420. The declaration in the case
at bar does not aver that appellee and the porter were
not fellow-servants, nor does it appear from the aver-
ments that such a relation did not exist.

Appellants, at the close of all the evidence, moved
the court to direct a verdict in their favor. It does

not appear from the record that they did not contend that appellee and the porter were fellow-servants. We are of the opinion that the question as to whether the relation of fellow-servants existed between appellee and the porter was properly preserved by the motion for a directed verdict.

The question as to whether servants of a common master are fellow-servants within the meaning of the law is usually a question of fact. But if the facts are not in dispute and all reasonable men would readily agree as to the conclusion which should be drawn from the admitted facts, the question whether the relation of fellow-servant exists in a given case becomes a question of law. *Kaminsky v. Chicago Rys. Co.*, 286 Ill. 271-277. In the case at bar we are of the opinion that the question as to whether the relation of fellow-servant existed was a question of law for the court, as there was no dispute about the facts in regard to that matter. The peremptory instruction should have been given for that reason.

The court did not inform the jury as to the meaning of the term "mercantile establishment." By the first instruction given for appellee the court told the jury that the Workmen's Compensation Act did not apply if her place of employment was being operated by the defendant merely as a restaurant and not as a mercantile establishment having dangerous place or places near to which any employee is obliged to pass or to be employed. We have no doubt that a restaurant in which there is power driven machinery and where goods, wares and merchandise are sold at retail is also a mercantile establishment within the meaning of the statute hereinabove referred to. The giving of this instruction was reversible error.

Appellants further contend that the court erred in refusing their first refused instruction. We have already held that their peremptory instruction should have been given and for that reason it is unnecessary

to pass upon this instruction. For the reasons aforesaid the judgment of the city court is reversed.

*Reversed.*

The clerk will incorporate in the judgment the following: "The Court finds that appellee and appellants were subject to the Workmen's Compensation Act and that appellee is not entitled to maintain an action at law for damages; that appellee and the porter, through whose alleged negligence she claims to have been injured, were fellow-servants."