LILLIAN KEMPER v. OTTO F. GLUCK, Appellant.—39 S. W. (2d) 330.

Court en Banc, May 11, 1931.*

*NOTE: Opinion filed at October Term, 1930. April 7, 1931; motion for rehearing filed; motion overruled at April Term, May 11, 1931.

734

*Leahy, Saunders & Walther* and *J. L. London* for appellant.

*Foristel, Mudd, Blair & Habenicht* for respondent.

WHITE, J.—The plaintiff, November 27, 1926, was employed as a waitress by defendant, who was engaged in the restaurant business in St. Louis, and while so employed she was injured by slipping and falling upon a wet and slippery floor which she alleges was negligently permitted to remain in a dangerous condition while she was obliged to walk upon it in the performance of her duties. On a trial in the Circuit Court of the City of St. Louis she recovered judgment for $7,200, which was reduced by *remittitur* of $1200. From the judgment then entered for $6,000, defendant appealed to the St. Louis Court of Appeals, where the judgment was reversed and the cause remanded (21 S. W. (2d) 922); one judge dissenting, the case was certified here.

The Court of Appeals held that upon the facts stated in the petition the plaintiff as employee and the defendant as employer were controlled by the provisions of the Workmen's Compensation

Act; that the case stated was one exclusively within the jurisdiction of the Compensation Commission. The appellant urges here that the plaintiff thus stated herself out of court. The Court of Appeals remanded the case in order that necessary allegations to bring the case within the jurisdiction of the court might be supplied. The question was not determined in the trial court, but was raised for the first time by appellant in the Court of Appeals.

I. The first question for determination is whether the plaintiff's petition states a cause of action at common law or whether she has pleaded facts which make her case cognizable only by the Compensation Commission.

The Workmen's Compensation Act, enacted in 1927 (Laws 1927, p. 409 et seq., Section 2, contains these provisions:

"Every employer and every employee, except as in this act otherwise provided, shall be conclusively presumed to have elected to accept the provisions of this act, and respectively to furnish and accept compensation therein provided, unless prior to the accident he shall have filed with the commission a written notice that he elects to reject the act."

Section 4 of the act divides employers into two classes, major and minor. A major employer is one who has "more than ten employees regularly employed." A minor employer is one who has "ten or less employees regularly employed."

The section then provides that where a minor employer is engaged in an occupation hazardous to employees and the commission determine that he is so engaged, such employer shall be conclusively presumed to have accepted the provisions of the act unless he rejects the same within ten days after the determination of the commission. The section further contains provisions under which, in an action for damages against an employer, under certain circumstances, assumption of risk, contributory negligence or negligence of a fellow-servant could not be a defense. Then follow other sections defining employments to which the act does not apply, and the definitions of employer and regular employee.

In all cases cognizable by the Compensation Commission its jurisdiction is exclusive. Whether or not the case comes within the provisions of the act is a question of fact. All major employers and their employees, and all minor employers engaged in a hazardous occupation, are presumed to have elected to come under the act. The employer here was not engaged in an occupation hazardous to employees, at least had not been so determined by the commission. That seems to be conceded. Then it was a question of fact whether the defendant here employed more than ten regular employees;

whether he was a major or minor employer. If a minor employer the case would not come within the provision of the act, and if a major employer he would come within the provisions of the act unless he had elected to reject it.

The position of the defendant is that the petition failed to state a common-law cause of action within the jurisdiction of the trial court because it alleged no facts which would bring it *without* the terms of the Act. The plaintiff claims that the petition stated a cause of action at common law, and that facts which would take the case within the jurisdiction of the Compensation Act must be pleaded as a defense; that the presumption of regularity and jurisdiction of a court of general jurisdiction obtains unless the petition on its face states facts which would bring it without its jurisdiction. Whether the circuit court has or has not jurisdiction does not affirmatively appear from the facts pleaded.

We think the question can be determined by established principles of pleading. The parties have referred us to numerous decisions of other states in which cases have arisen concerning the application of a compensation act similar in general provisions to ours. These cases afford us very little help in solving the question, because we find no adjudications where the phrasing of the Compensation Act contained terms exactly like Section 2 of our act.

Many cases have arisen in states where the act declares in some form that employers and employees shall be subject to the provisions of the act unless they elect to reject it. Such is our act. Of cases arising under acts of that kind some support the position of plaintiff and some that of defendant.

The inapplicability of most of such cases cited arises from the facts that the issue was tendered by allegations of either the petition or the answer, and was determined as a fact by the trial court. Besides, many of the cases arise under compensation acts which provide for an action for damages in a court of general jurisdiction where there is shown to be a failure to comply with the terms of the act. Among cases where exclusion from the act must be pleaded as a defense are Patton v. Stegall, 295 S. W. (Ky.) 979; Gorrell v. Battelle, 93 Kan. 370; Olds v. Olds, 88 Ore. 209, 171 Pac. 1046. In the case last cited the court held that the act conferred a special privilege upon the employer, and, unless he renounces the benefits thus bestowed, in a common-law action for damages for personal injuries he must set up the application of the act in his answer, *"unless the fact affirmatively appears upon the face of the complaint, which defense a plaintiff is not obliged to anticipate as a condition precedent to the right to maintain his action."*

Nilsen v. American Bridge Co., 221 N. Y. 12, was an action for damages by an employee against an employer on account of negli-

gence. The court said that while the complaint alleged the corporate existence of the defendant it did not disclose that such corporation was engaged in a hazardous work or occupation described in the Workmen's Compensation Law, therefore that issue was not presented by the pleadings and the demurrer to the petition was properly overruled.

Several cases may be cited which hold that the plaintiff in such a case must plead facts which bring the case without the terms of the Compensation Act. In Beveridge v. Illinois Fuel Co., 283 Ill. 31, the plaintiff sued for personal injuries, alleging that the defendant had elected not to comply with the terms of the act. The matter came into the case as a question of fact to be proved by the plaintiff. There was a dissenting opinion.

In Craig v. Boudouris, 241 Ill. App. 392, the plaintiff sued because of personal injuries received while a waitress in appellant's restaurant. The defense was that the parties were automatically within the protection of the Workmen's Compensation Act. Thus the question came into the trial court as a question of fact.

In Morris v. Muldoon, 180 N. Y. Supp. 319, the court held that the parties came within the provisions of the compensation law and the plaintiff's petition must negative the presumption that the defendant had complied with the Workmen's Compensation law.

In Ruddy v. Morse Dry Dock & Repair Co., 176 N. Y. Supp. 731-732, the issue was tendered and settled in the trial court as a question of fact.

In Perry v. Beverage, 214 Pac. (Wash.) 146, the question of pleading did not arise; the question was whether the injury came within the terms of the act.

Appellant quotes at length from a notation in L. R. A. 1916A, p. 221, where it is said:

"In order to sustain a judgment for the plaintiff in a common-law action where it appears that compensation act was in force, it must be pleaded and proved that the parties were not under the provisions of the act."

The context goes further and notes that a different ruling obtains in some states, with a footnote calling attention to the Battelle (Kansas) case, supra, holding that it is necessary to plead the provisions of the act as an affirmative defense.

Many other rulings might be cited, but they would add nothing to what has already been said. The point is made that because our statute declares that every employer and employee shall be "conclusively presumed" to have elected to accept the act the provision is more compelling than those mentioned in the compensation acts of other states. The Illinois act provides "that it shall apply automatically and without election to certain employments."

The Kentucky Act says "the Act shall apply to all employers having three or more employees."

The Oregon Act declares that all persons engaged as employers in hazardous occupations "shall be subject to the provisions of this act."

By what sort of logic or grammar can our "conclusively presumed to have elected" be more forcible than those provisions just quoted. When a statute declares that it shall apply to a certain class of persons or subjects, *it applies*. No emphasizing adjectives can make it stronger. If such a statutory declaration is reinforced by superlatives the force is weakened. It is as if a person states a fact and reinforces the statement with profanity and expletives. One is led to doubt whether he tells the truth. He protests too much.

The point is argued as if employers and employees were governed by the act absolutely, without condition or exception. To say some fact is "conclusively presumed" is to state a rule of evidence by which a doubtful fact may be assumed in the absence of proof. It is not conclusively presumed that the employer is under the act, but that he has elected to accept the provisions of the act. Not always, but *"except"* as in this act provided and *"unless"* he has rejected it. The presumption is not only conditioned upon a failure to reject, but also upon the employer's classification among employments.

On the question of pleading some adjudications are applicable: where a right of action is given by a statute which contains an exception, a plaintiff in, stating a cause of action upon such statute must negative the exception. [Russell v. Hannibal & St. Joe R. R. Co., 83 Mo. 1. c. 511; State v. Elam, 21 Mo. App. 290, 1. c. 292; Buffum v. Woolworth Co., 221 Mo. App. 1. c. 350; Raison v. Board of Education, 103 N. J. L. 547, 548; 36 Cyc. 1238.] That rule prevails in criminal pleading where the offense charged is defined by the statute with an exception in the same section defining the offense; the information or indictment must negative the exception. [State v. Brown, 306 Mo. 532.]

Appellant announces that Section 5 of the act is made a part of Section 2 by apt reference. The same may be said of Section 4. It is made a part of Section 2 by the provision, "except as in this act otherwise provided." That clause draws into Section 2, as a part of it, all of the exceptions in the entire act. Manifestly if suit were brought upon the act, assuming that a court of general jurisdiction could entertain a claim under the act, as is the case in some states, then any employee suing under Section 2 to obtain the benefits of the act would have to negative the exceptions; he would have to allege facts which would necessarily bring the employer within the terms of the act. That being so an employee suing an

employer at common law would not have to plead his case within the exceptions. The burden is upon the party claiming the applicability of the act to bring himself under it. If he bases his course of action upon the act, or if he would make it a defense, he must plead and prove himself within its terms.

If the plaintiff's petition had pleaded facts which placed the parties within the purview of the act, it would have pleaded her out of court by affirmatively showing lack of jurisdiction. The pleading, however, does not affirmatively show a lack of jurisdiction. Nor does it affirmatively plead facts which would necessarily deprive the Compensation Commission of jurisdiction.

To have brought the case conclusively within the act the plaintiff should have alleged that the defendant employed more than ten employees or that the occupation had been determined to be hazardous to employees, and defendant had not rejected the act. Such pleading would have placed the case without the jurisdiction of the court. But if the petition had averred that the defendant employed ten or less employees it would have placed the case within the jurisdiction of the court because the employment is conceded to be not a hazardous one.

The general rule is stated in another way. Where an action is at common law and invokes common-law liability only, an exception to such liability created by statute is not an element of the cause of action; it is a matter of defense. [Warren v. American Car & Foundry Co., *post* page 755, construing this very Compensation Act; State ex rel. v. Clark, 42 Mo. 518; Span v. Coal & Mining Co., 322 Mo. 1. c. 175; Osagera v. Schaff, 293 Mo. 1. c. 340; State v. Baker, 246 Mo. 1. c. 372, where it is stated that want of jurisdiction must be affirmatively shown; Gill v. W. O. W., 209 Mo. App. 1. c. 71, where it is said: "When the record of a court of general jurisdiction is silent about a matter necessary to confer jurisdiction, the existence of such matter will be presumed."

We conclude that the petition of the plaintiff stated a cause of action within the jurisdiction of the circuit court, that the lack of jurisdiction was an affirmative defense which the defendant should have pleaded but failed to do so.

II. For another reason the petition stated a cause of action: the act apparently authorizes an administrative body to discharge strictly  judicial functions; it creates liability without fault by compelling an employer to compensate for injuries which he does not cause; it takes away his common-law defenses of contributory negligence, assumption of risk, and negligence of fellow-servant.

How then does the act escape the restrictions of Section 10, Article II, of the Missouri Constitution, providing that courts of justice shall be open to every person and a certain remedy afforded, and Section 1, Article VI, vesting all judicial power in the courts of the State, and the due-process and equal-protection clauses of the Fourteenth Amendment to the Federal Constitution?

In some states the act is compulsory upon employers and employees within its terms. Such acts have sometimes been held unconstitutional. [Ives v. So. Buffalo Railroad Co. (N. Y.), 34 L. R. A. (N. S. 162.] New York, Ohio and California have adopted constitutional amendments authorizing the compulsory statutes.

The reason why such coercive statutes are not in violation of the due-process and equal-protection clauses of the Fourteenth Amendment is set forth in decisions of the courts of last resort in many states and the United States Supreme Court.

Such statutes are limited in their application to hazardous employments, and usually compel liability insurance. In the exercise of its police powers a State, in protection and promotion of the public safety, health and general welfare may compel compensation for accidental injuries where the contractual relation of employer and employee in a hazardous occupation exists. This is fully elucidated in the Oklahoma cases. [Adams v. Iten Biscuit Co., 63 Okla. 52, and later cases.] Also in Ward & Gow v. Krinsky, 259 U. S. 503, 42 Sup. Ct. Rep. 529; a case arising under the New York compulsory statute; also 28 Ruling Case Law, pp. 740-1.

In the Ward case it was said:

"It is within the power of the State to charge the pecuniary losses arising from disabling or fatal personal injury, to some extent at least, against the industry after the manner of casualty insurance. . . ."

In some cases the taking away of common-law rights of action and defenses is argued as a constitutional question. Such constitutional question could arise only where such rights are guaranteed by the Constitution and where their infringement would violate the Constitution.

While the Missouri Act is not compulsory, but elective, the above considerations apply equally well to it and its constitutionality.

But our act includes non-hazardous as well as hazardous occupations, and it is doubtful if the latter could justly be included in a compulsory act. In elective statutes, such as ours, "the entire problem is solved." [Note to Jensen v. So. Pac. Co., L. R. A. 1916A, l. c. 410.]

The employer and employee may elect to acquiesce in the control of the act or reject it. By accepting it the provisions of the act become a part of the contract of employment. [Jensen v. So. Pac..

L. R. A. 1916A, 1. c. 408; Crane v. Leonard, 214 Mich. 218; 28 R. C. L. 742, sec. 37; State ex rel. v. Mo. Workmen's Compensation Comm., 320 Mo. 1. c. 896.] It is of the same character as a contract to arbitrate the differences between the employer and the employee. The waiver of certain defenses which an employer may have to an action for damages, against the waiver by the employee of a jury trial and agreeing to certain limited rates of compensation for injuries incurred in the service, are the balancing considerations for the agreement.

It necessarily follows that where plaintiff states an action at common law under his rights guaranteed by Section 10, Article II, of the Constitution, the defendant relying upon such contract as a defense to the action must plead the facts which bring the parties within the terms of the contract.

III. Another aspect of this pleading occurs here. Even if the petition were demurrable, appellant did not raise the question until after the verdict. The record shows that a demurrer to the petition was filed, but fails to show on what ground. A second amended petition was filed to which defendant did not demur and the trial was had upon it. We must assume that the defendant was satisfied with the statement of a cause of action in the second amended petition. The question of jurisdiction of the trial court, or any suggestion that the case came within the terms of the Compensation Act, was not mentioned in the motion for new trial. It appeared nowhere until the case came up for hearing in the Court of Appeals, so the plaintiff is entitled to all the presumptions which the law allows after verdict in support of her petition. A Statute of Jeofails (Sec. 1099, R. S. 1929; Sec. 1550, R. S. 1919) provides:

"When a verdict shall have been rendered in any cause the judgment thereon shall not be stayed . . . nor any judgment . . . be reversed, impaired or in any way affected by reason of the following imperfections, omissions, . . . ; eighth, for the want of any allegation or averment on account of which omission a demurrer could have been maintained; ninth, for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict."

Section 770, Revised Statutes 1929, Section 1226, Revised Statutes 1919, provides that a defendant may demur to a petition, "First, that the court has no jurisdiction of the person of the defendant, or the subject of the action."

If the petition showed want of jurisdiction, defendant should have demurred to it. Having failed to demur to it it is cured by Clause 8 of the Statute of Jeofails. There are very few adjudications in

this court construing Clause 8, but Clause 9 has been frequently construed and it frequently has been held that notwithstanding the failure to allege a fact, without proof of which the jury should not have rendered their verdict, the omission does not invalidate the judgment. [Haggerty v. Railway Co., 100 Mo. App. 424; Palmer v. Hunter, 8 Mo. l. c. 515; Walker v. Deaver, 79 Mo. l. c. 672; State ex rel. v. Sullivan County, 51 Mo. 527, l. c. 529; Richardson v. Farmer, 36 Mo. l. c. 46; State v. Toombs, 324 Mo. 819, 25 S. W. (2d) 101; Weber v. Terminal Railroad Association, 20 S. W. (2d) 601, l. c. 603; Munchow v. Munchow, 96 Mo. App. 553, l. c. 556.]

The 8th clause of Section 1099, Revised Statutes 1929, is comprehensive, unambiguous and on its face would apply to any case where want of jurisdiction appeared upon the face of the petition. Section 774, Revised Statutes 1929 (Sec. 1230, R. S. 1919), provides that when any of the matters mentioned in Section 770, Revised Statutes 1929 (Sec. 1226, R. S. 1919) do not appear upon the face of the petition, objection may be taken by answer. If no such objection be taken by answer or demurrer the defendant shall be deemed to have waived the same, excepting only to the jurisdiction of the court over the subject-matter of the action and excepting the objection that the petition does not state facts sufficient to state a cause of action.

That exception in the section would seem to be in direct conflict with clauses 8 and 9 in the Statute of Jeofails, because those sections declare that no such defect after verdict shall be taken advantage of. In order to reconcile them the courts have modified the effect of those provisions. The earlier decisions of this court gave them full and complete effect as they read. Judge Goode, in the Munchow case, supra, points out how in later decisions the 8th and 9th clauses of the Statute of Jeofails have been construed to have a narrower meaning. Since then the modification itself of the rule has been modified. The rule would now seem to be this: Where the petition shows upon its face that the court is without jurisdiction or that no cause of action can be stated, such defect is not cured by verdict, though not taken advantage of by demurrer. Where an inference may be drawn that the necessary fact possibly existed and might be shown, then the saving clauses, 8 and 9, in the Statute of Jeofails, would apply. As applied to this case we may state the matter thus: where the petition clearly states the plaintiff out of court, showing a want of jurisdiction, the defect cannot be cured after verdict by the Statute of Jeofails. But if the petition does not state affirmative facts which show a want of jurisdiction, but merely fails to state a fact which would give jurisdiction and might be alleged consistently with the allegations of the petition, the failure to demur would be cured by verdict. The plaintiff did not

state· that the defendant employed ten employees or less, nor that he had rejected the act. She did state a situation from which either fact consistently might have been alleged. The petition was demurrable on that account, but amendable. If demurrer had been filed at the trial the defendant would have had an opportunity ·to amend by alleging the essential fact, bringing the· matter in issue. Or if the plaintiff could not have amended so as to show that fact it would have been the end of the case.. In Gorrell v. ꓲBattelle, Kansas, supra, it is said that it would be a gross abuse of procedure for a defendant to veil an oversight in making proof, and then· on appeal demand a new trial on account of the absence of the· evidence, which ·was all the time accessible. The defendant failed to demur and bring the matter to issue at a· time· when the plaintiff might have presented her· claim before the Compensation Commission, but waited until after such claim was barred there. To prevent such abuse or procedure the Statute of Jeofails was designed.

We hold, therefore, that even though the petition were demurrable that defect is such that it was cured by the verdict.

IV. Appellant claims error in giving Instruction Number 1, for the plaintiff. The objectionable· part of that instruction authorized a finding for the plaintiff if among other things the·floor where she slipped was dangerous, "and that defendant knew or by the. exercise of ordinary care would have known thereof." It is argued that the defendant was not · charged with knowledge· unless sufficient length of· time had elapsed for him to have remedied the defect. We think the appellant misconceives the principle applicable. The master is bound to furnish the plaintiff a safe place to work. That is· non-delegable duty. The floor on which the plaintiff slipped was scrubbed daily. The day she fell the floor was scrubbed two hours late; the defendant was present and saw the condition of the floor a short·time before the plaintiff slipped; in fact it *was* dangerous and caused the injury, a fact which should have been recognized by the defendant when he saw it. Everything was as patent to him then as it could have been by any other notice.

Appellant also assigns error to instruction on the measure of damages which authorized the jury in assessing damages to take into consideration the loss of wages which they would find from the evidence that the plaintiff sustained, and "is reasonably certain to sustain in future as direct result" (of the injury).

Appellant argues this as if it authorized recovery for permanent injury. It does nothing of the kind, but allows for loss of future earnings. At the time of the trial she still had trouble on account

of the injury, which troubles were detailed at some length. She was still receiving attention from her doctor. Some of those troubles were in her back, wrist, and stomach. Since the trial she had worked only about five months. Her condition was worse in bad weather, etc. The jury might reasonably find that her ability to work and therefore to earn wages would be impaired in the future.

The judgment is affirmed. All concur; *Ellison, J.,* in the result.