STATE OF MISSOURI at the Relation of ARLEY EBERT, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, Judges of the Kansas City Court of Appeals.—63 S. W. (2d) 83.

Division One, August 24, 1933.

W. W. McCanles for relator.

712

*C. W. German, Lee C. Hull* and *C. Z. German* for respondents.

FRANK, P. J.—Certiorari to quash an opinion of the Kansas City Court of Appeals in the case of Arley Ebert, v. A. J. Kasper Co., reported in 49 S. W. (2d) 653. In that case plaintiff, Ebert, recovered judgment against A. J. Kasper Company for alleged personal injuries. On appeal to the Kansas City Court of Appeals that judgment was reversed and the cause remanded with directions, in an opinion written by ARNOLD, J., TRIMBLE, P. J., concurring in result in separate opinion, and BLAND, J., dissenting in separate opinion.

The action was one at common law based on certain allegations of specific negligence. The answer contained (1) a general denial, (2) a plea of contributory negligence, (3) a plea of assumption of risk, and (4) a plea of estoppel to claim further damage because of

the compliance by both parties with the terms of a settlement agreement which the answer sets out.

Plaintiff was in the employ of defendant, and on the day of his injury was operating a freight elevator when his foot was caught between the elevator platform and the second floor of the building. A statement of facts showing the cause and extent of plaintiff's injuries is not essential to a determination of the questions raised by relator.

The pertinent parts of the principal opinion of the Court of Appeals follows:

". . : The testimony tends to show defendant regularly employed eleven men in its business. A short time after the accident, Mr. Kasper, who was vice president and treasurer of defendant corporation and manager of the Kansas City branch, discussed with plaintiff and his father the question of paying plaintiff, regardless of liability, as testified to by Kasper, on the basis of the Workmen's Compensation Law of Missouri. Plaintiff and his father went to the office of the Compensation Commission in Kansas City, Missouri, and investigated the matter. Thereupon an agreement was made between the parties that defendant would pay and plaintiff would accept compensation under said law. A first payment of $42.68 was made, as stated in the 'temporary agreement and first receipt' in evidence, 'this receipt for compensation beginning May 6, 1927, . . . to and ending June 2, 1927,' at the rate of $10.67 per week. Receipts signed by plaintiff for the said weekly payments, aggregating $416.13, were introduced in evidence. The receipts are identical, each reciting it is in full compensation for the particular week specified under the Missouri Workmen's Compensation Act. The testimony shows that in addition to the weekly payments, defendant paid expenses and charges, a total of $315.35, making in all $731.48, which defendant paid in full satisfaction of the alleged agreement. The said temporary agreement and first receipt is made out on 'Revised Form 4' issued by the Missouri Workmen's Compensation Commission. It is signed by the A. J. Kasper Company by Frank P. Kasper, Treasurer, and Arley Ebert. This contract is in evidence. Payments were made pursuant to the terms of the contract, up to and including the week ending January 7, 1928, at which time plaintiff's foot had recovered.

"On January 13, 1928, defendant tendered plaintiff a draft for $4.80, together with a receipt for his signature which recited:

" 'I, Arley Ebert, hereby acknowledge receipt of four dollars eighty cents only dollars, ($4.80), being full compensation due from A. J. Kasper Co., for the period of compensation in full. Compensation in full compensation under the Missouri Workmen's Compensation Act.

" ' _____

" 'Witness:

" 'Claimant must sign this receipt or draft will not be paid.'

"Plaintiff refused to sign said receipt and the draft was not delivered. His refusal was for the reason he did not want to sign it as worded, because he did not know at that time just whether the offered voucher paid him in full.

"This suit was filed February 21, 1928. The testimony shows five of the $10.68 checks were cashed March 2, 1928, after the suit was instituted. . . .

"In support of the appeal, defendant urges eleven men were regularly employed in its business and they came automatically under the Workmen's Compensation Law, but notwithstanding this, the agreement between the parties was made that compensation should be paid and received under that law; that this was done, constituting full discharge.

"In this connection, it is well to bear in mind the provisions of Section 3300, Revised Statutes 1929, to the effect that:

" 'Every employer and every employee, except as in this chapter otherwise provided, shall be conclusively presumed to have elected to accept the provisions of this chapter and respectively to furnish and accept compensation as herein provided, unless prior to the accident he shall have filed with the commission a written notice that he elects to reject this chapter.'

"The testimony herein shows that neither plaintiff nor defendant elected to reject the provisions of the law. In this situation it is defendant's contention that both parties hereto were operating under the provisions of the Missouri Workmen's Compensation Law. It has been held that when the Workmen's Compensation Law is accepted by both employer and employee, it immediately becomes a part of the contract of employment. [State ex rel. v. Commission, 320 Mo. 893, 8 S. W. (2d) 897.] It has also been held that all employments are presumed to be under the Compensation Act unless definitely excepted, or notice of rejection has been given; that when any given case is affected, the act is not cumulative to or supplemental of the common law, but is wholly substitutional. [Kemper v. Gluck, 21 S. W. (2d) 922.] In the cited case, the St. Louis Court of Appeals reversed the judgment for plaintiff and remanded the cause; one of the judges dissented and the cause was reviewed by the Supreme Court. [Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330.]

"Section 4, of the act (Laws of 1927, p. 493, sec. 3302, R. S. 1929) divides employers into two classes, major and minor. A major employer is one who has more than ten employees regularly employed; and a minor employer is one who has ten or less regularly employed. Whether or not the case at bar comes within the provisions of the act is a question of fact. All major employers and their employees, and all minor employers engaged in a hazardous oc-

cupation are presumed to have elected to come under the act. [Sec. 3302, R. S. 1929.] No claim was filed herein with the Compensation Commission, and therefore no action was taken by that commission. The employer herein was not engaged in an occupation hazardous to its employees—at least there is nothing in the record to that effect. Thus, it was a question of fact as to whether defendant employed more than ten persons regularly, and such fact would determine whether defendant was a major or minor employer. If a minor employer, the case would not come within the provisions of the act; and if a major employer, it would come within those provisions unless rejected. Therefore, in considering the point raised, it is first necessary to determine whether defendant was a major or minor employer, as defined by the act.

"The only testimony on this point is that of Frank P. Kasper, defendant's manager, who stated:

" 'Q. How many men did you have? A. On that week? The week Arley was hurt?

"Q. Yes, thirty days prior thereto. A. I just opened up thirty days prior thereto.

" 'Q. Let's take it on the day? A. On the day he was hurt? Seven.

" 'Q. Seven men? A. Seven in my plant.

" 'Q. In the plant? A. In the plant only.'

"And on redirect examination, this witness testified:

" 'Q. You said you had seven men working in the plant at this time. How many all told are employed in the business? A. Eleven.' "

"There is a dispute between the parties as to the exact purport of this testimony. Plaintiff insists it means there were only seven men employed in connection with the Kansas City plant, and therefore defendant was not automatically operating under the provisions of the Workmen's Compensation Law. Defendant, however, urges Kasper's testimony just quoted is positive and substantial to the effect that eleven men 'all told' were employed in the Kansas City plant, thus making defendant a major employer under the law.

"We think defendant is right in this contention, though we are not passing upon the weight of the evidence. Kasper's testimony on this point was not disputed. However, the jury were not required to believe Kasper's evidence, and the question therefore became one of fact for the jury and should have been submitted in a proper instruction. The very nature of this suit is dependent upon the question as to whether defendant is a major or minor employer, and is vital. We find this issue was not submitted to the jury in any of the instructions. Plaintiff's Instruction No. 1 purports to cover the entire case, directs a verdict, and yet fails to include the question of major or minor employer. We hold the instruction bad in the respect suggested.

"Plaintiff insists the answer fails to plead the parties were operating under the Workmen's Compensation Law, but we do not so construe the answer, which contains the following language:

" 'Further answering defendant states that neither plaintiff nor defendant was bound under the Workmen's Compensation Act. That defendant, under the conditions and circumstances surrounding the injuries complained of, was neither morally nor legally bound to pay any sums whatsoever to plaintiff, but that both plaintiff and defendant elected to abide by the rules and regulations of the said Workmen's Compensation Act, and as a result thereof defendant did pay all wages accruing to and in favor of said plaintiff from and after the date of the said alleged injuries, including hospital and doctor bills, as in such cases made and provided in said act aforesaid. Said payments were duly and regularly made by defendant to plaintiff and accepted by plaintiff, including payments made after the 21st day of February, 1928, being the date of the filing of the petition herein.'

" 'Further answering, defendant states that because of said agreement of said parties hereto and the actual compliance therewith by both plaintiff and defendant, plaintiff is estopped to claim any other and further damages as a result of said alleged injuries.'

"Thus, it is seen the answer pleads the written agreement entered into and carried out by both parties, up to the time of the refusal of plaintiff to sign the final receipt.

"Plaintiff urges that because he was a minor at the time the agreement was executed, it is null and void and non-enforceable. But in this view, plaintiff overlooks the provisions of Section 3305, Revised Statutes 1929, as follows:

" 'The word "employee" shall also include all minors who work for an employer, whether or not such minors are employed in violation of law, and all such minors are hereby made of full age for all purposes under, in connection with, or arising out of, this chapter.'

"It is apparent that plaintiff, having elected in writing to accept compensation under the provisions of the law, may not be allowed to deny said election, although a minor. We rule against plaintiff on this point.

"There are other charges of error raised in appellant's brief, chiefly as to the admissibility of evidence and instructions given and refused. But these need not be considered because they apply to rulings of the court, in respect to the trial of the case to recover damages regardless of the Workmen's Compensation Law. In the new trial which may be had under the ruling herein, such questions may not arise. However, inasmuch as the evidence is not clear that plaintiff has received all to which he is entitled under the Workmen's Compensation Act, the judgment should be reversed and the cause remanded with directions to ascertain the amount, if any, to which

plaintiff is entitled, beyond what he has already received under the act, and to render judgment therefor accordingly.

"The judgment is reversed and the cause remanded with instructions to proceed in accordance herewith."

■ The opinion holds that the plaintiff was entitled to recover the amount provided by the Workmen's Compensation Act and reverses and remands the case with directions to determine whether or not plaintiff has been paid the amount provided by said act, and if not, to determine the balance due and render judgment accordingly. From a reading of the opinion it is somewhat difficult to determine whether it decides the case on the theory that the parties, prior to the injury, were subject to and operating under the provisions of the Workmen's Compensation Act, or on the theory that, although not under the act, the parties, after the injury, agreed to settle in accordance with the terms of the act, and having so agreed, are bound by the agreement. The opinion lends color to both theories. Either theory is wrong and is in conflict with prior controlling decisions of this court.

The petition in the case shows the action to be one at common law, and invoked common law liability only. The answer did not attempt to plead facts, which, if established, would subject the parties to the provisions of the Workmen's Compensation Law. Otherwise stated, the pleadings did not bring the Compensation Law into the case either as a cause of action or as a defense.

If, as heretofore suggested, the opinion holds that plaintiff was entitled to recover in this action, the amount provided by the Compensation Act, on the theory that defendant was a major employee and therefore subject to the provisions of the act, such holding would be in conflict with prior controlling decisions of this court for two reasons, (1) because the applicability of the Compensation Act was not made an issue in the case by the pleadings, and (2) if the defendant had by pleading and proof invoked and established the applicability of the Compensation Act as a defense to the action, such procedure would have demonstrated the court's lack of jurisdiction to render any kind of judgment except a judgment of dismissal. [Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330.]

We will next take the other possible theory of the opinion.

■ If the opinion holds that plaintiff, a minor, was entitled to the compensation provided by the Compensation Act, not because defendant was a major employer and for that reason the parties were subject to the provisions of said act, but because after plaintiff was injured, he and defendant entered into a settlement agreement providing that defendant was to pay plaintiff the amount provided by the Compensation Act, and having so agreed plaintiff was bound by the agreement, such holding would be in conflict with Robison v. Floesch Construction Co., 291 Mo. 34, 236 S. W. 332, and other

prior controlling decisions of this court which hold that a minor may disaffirm and repudiate, at any time during his minority, and with a reasonable time after coming of age, a contract of settlement of a claim for personal injuries, even after it became executed.

Concerning the binding effect of the contract of settlement, the opinion says:

"Plaintiff urges that because he was a minor at the time the agreement was executed, it is null and void and non-enforceable. But in this view, plaintiff overlooks the provisions of Section 3305, Revised Statutes 1929, as follows:

" 'The word employee shall also include all minors who work for an employer, whether or not such minors are employed in violation of law, and all such minors are hereby made of full age for all purposes under, in connection with, or arising out of this chapter.'

"It is apparent that plaintiff having elected in writing to accept compensation under the provisions of the law, may not be allowed to deny said election, although a minor. We rule against plaintiff on this point."

It is thus seen the opinion holds that the plaintiff, a minor, was emancipated by the provisions of Section 3305 of the Workmen's Compensation Act, and for that reason could not lawfully repudiate the contract of settlement he made with the defendant, because of his minority at the time the contract was made. It should require no argument to demonstrate the fact that the provisions of the Workmen's Compensation Act did not emancipate the plaintiff unless he was subject to the provisions of that act. We can understand why defendant might invoke the provisions of the Compensation Act, not for the purpose of defeating the jurisdiction of the court, but for the purpose of showing that plaintiff, a minor, was emancipated, and because of his emancipation, he was no longer an infant and had no lawful right to repudiate the settlement he voluntarily made with defendant. However, the trouble on this score is that defendant is not entitled to invoke the provisions of the Compensation Act without pleading and proving a state of facts which would bring the parties within the terms of that act. In Kemper v. Gluck, supra, we held that where an action is at common law and invokes common-law liability only, and the answer does not plead facts showing the applicability of the Workmen's Compensation Act, such act has nothing whatever to do with the case. Such is the state of the pleadings in the case under consideration. Although no facts were alleged in the pleadings which would bring the parties within the terms of the Workmen's Compensation Act, the Court of Appeals gave defendant the benefit of the provisions of the act, by holding that because of the provisions of Section 3305 thereof, plaintiff, although a minor, must be considered as of full age and for that reason could not lawfully repudiate the settlement made with defendant

because of his minority at the time the settlement was made. This holding gave defendant the benefit of the act without his pleading a state of facts showing its applicability and for that reason is in direct conflict with our decision in Kemper v. Gluck, supra.

This brings us to a consideration of the opinion of TRIMBLE, J., by which he concurred in the result of the principal opinion.

The concurring opinion concedes that plaintiff's action was one at common law, and that the applicability of the Workmen's Compensation Act was not made an issue by the pleadings. But regardless of that fact the opinion holds that although the action was one at common law, the parties had a lawful right to and did agree that plaintiff's damages in the common-law action should be measured by the provisions of the Workmen's Compensation Act. Such an agreement might have been binding on plaintiff if he had not been a minor at the time the agreement was made. However, the opinion applies the provisions of Section 3305 of the Workmen's Compensation Act and holds that by the terms of that section plaintiff must be considered as of full age at the time he made the agreement and for that reason had no lawful right to repudiate it. We have heretofore pointed out that the application of the provisions of the Workmen's Compensation Act in a common-law action for damages, where the answer does not plead facts showing the applicability of the act, conflicts with prior rulings of this court.

The theory advanced by the opinion as to why the provisions of Section 3305 of the Workmen's Compensation Act should apply, although the applicability of the act is not made an issue by the pleadings, is that the undisputed evidence conclusively showed that defendant was a major employer, and hence under the act along with plaintiff.

During the course of the trial, defendant's manager did testify there were eleven men employed in the business. This is the only evidence on that subject. The Compensation Act provides that a major employer shall mean an employer who has more than ten employees *regularly* employed, whose average annual earnings does not exceed three thousand six hundred dollars. [Secs. 3302, 3305, R. S. 1929.] A mere showing that eleven men were employed in the business without any showing that they were the character of employees designated in the statute, was not sufficient to show that defendant was a major employee. Conceding, however, for the sake of argument only, that the evidence in question was sufficient to show that defendant was a major employee, under the state of the pleadings such evidence could not be considered for reasons presently stated.

Plaintiff was not subject to Section 3305 of the Workmen's Compensation Act, the provisions of which emancipate minors, unless the parties were under the act. The parties were not under the act un-

less defendant was a major employer. Whether or not defendant was a major employer and therefore under the act, was not an issue under the pleadings. The holding of the concurring opinion that defendant was a major employer because the evidence so showed, broadened the issues made by the pleadings and is, therefore, in conflict with prior controlling decisions of this court which hold that the issues made by the pleadings cannot be broadened by either instructions or evidence even though the evidence is admitted without objection. [State ex rel. National Newspapers' Association v. Ellison et al., Judges, 176 S. W. 11; State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 195 S. W. 722; Kitchen v. Schlueter Mfg. Co., 323 Mo. 1179, 20 S. W. (2d) 676; Gandy v. St. Louis-San Francisco Ry. Co., 329 Mo. 459, 44 S. W. (2d) 634, 638.]

For the reasons stated, both the principal and the concurring opinion should be quashed. It is so ordered. All concur.