**MARYLAND CASUALTY CO. v. TINDALL et al.**

No. 11790.

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1941.

GARDNER, Circuit Judge, dissenting.

Paul G. Koontz, of Kansas City, Mo. (Solbert M. Wasserstrom and Warrick, Koontz & Hazard, all of Kansas City, Mo., on the brief), for appellant.

Charles M. Miller, of Kansas City, Mo. (Fred Bellemere, of Kansas City, Mo., on the brief), for appellee, Marshall's U. S. Auto Supply, Inc.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment finding the issues for the defendants and dismissing appellant's petition in a suit under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400. The case was tried to the court without a jury.

The transcript of the record contains no findings of fact nor conclusions of law required in trials to the court by Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following § 723c. From an examination of the entire record we find the following issues, facts and contentions of the parties:

The appellant, plaintiff in the district court, is an insurance company engaged in writing liability, surety, and workmen's compensation insurance. The defendant Marshall's U. S. Auto Supply, Inc., herein called the Supply Company, is a Missouri corporation engaged in operating stores for sales and service and installation of equipment upon automobiles. From August 1, 1938, until December 27, 1938, the defendant Tindall worked for the Supply Company in one of its branch stores in Kansas City, Missouri. The defendants Herbert Calkins and Wallace P. Cowan are employed by the Supply Company as managers of its store in Kansas City.

On August 5, 1938, the appellant issued its Standard Workmen's Compensation and Employer's Liability Policy by the terms of which it insured the Supply Company, "as respects personal injuries sustained by employees", as follows:

"1. (a) To pay promptly to any person entitled thereto under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due * * *

"1. (b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. * *

"III. To Defend, in the name and on the behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

An endorsement attached to the policy reads as follows: "It is agreed that the Policy of which this endorsement forms a part does not afford insurance under Paragraph One (b) with respect to occupational disease. The provisions of Paragraphs Two, Three and Four shall not apply with respect to occupational disease, insurance for which is herein excluded under Paragraph One (b). This policy is issued with the understanding that the employer has not heretofore elected and/or will not elect during the term of this policy to bring himself with respect to occupational disease within the provisions of the said Workmen's Compensation Act unless he shall give the Company notice of his election ten days before filing with the Commission the written notice required by sub-section (b) of Section 3305 of the Compensation Act of Missouri [Mo.St.Ann. § 3305, p. 8238], and the employer agrees that in the event of his failure to give such previous notice of his election the employer will reimburse the company for loss and expense resulting from or on account of occupational disease, and shall indemnify and hold harmless the company for all such losses and expenses."

The Missouri Statutes Annotated, provide:

"§ 3301. If both employer and employe have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employe by accident arising out of and in the course of his employment, and shall be

released from all other liability therefor whatsoever * * *." Mo.St.Ann. § 3301, p. 8232.

"§ 3305. * * *(b) The word 'accident' * * * shall * * * be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury. The term 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and such disease or infection as naturally results therefrom. The said terms shall in no case except as hereinafter provided be construed to include occupational disease in any form. * * *

"Provided, that nothing in this chapter contained shall be construed to deprive employees of their rights under the laws of this state pertaining to occupational diseases, unless the employer shall file with the commission a written notice that he elects to bring himself with respect to occupational disease within the provisions of this act * * *." Mo.St.Ann. § 3305 (b), p. 8238.

The Supply Company has not elected to bring itself within the provisions of the statute with respect to occupational diseases.

In March, 1939, Tindall commenced a suit in the state court against the Supply Company and defendants Calkins and Wallace praying for $25,000 damages. As grounds for recovery he alleged that as a result of specified negligent acts of the defendants he "did contract a severe form of occupational disease incident and peculiar to" his employment.

Upon the filing of Tindall's suit the Supply Company demanded that appellant defend the case and assume liability. The appellant in response to this demand wrote to the Supply Company advising it that Tindall's petition alleges a cause of action not covered by the policy, and saying that it "is willing, if such be your desire, to undertake the investigation and defense of said cause at its own expense, under a full and complete reservation of all its rights," and with the privilege of withdrawing from the defense upon reasonable notice. Thereafter counsel for appellant and counsel for the Supply Company entered their appearance and filed a pleading on behalf of the Supply Company.

On June 15, 1939, appellant filed its petition for a declaratory judgment in the district court. After alleging jurisdictional facts and the substantive facts set out above it alleged that by reason of the endorsement, supra, upon the policy issued by it no liability was imposed upon it with respect to any occupational disease sustained or alleged to be sustained by an employee of the insured and that the claim of Tindall alleged in his petition in the case pending in the state court was excluded from the coverage of the policy. It is then alleged that an actual controversy exists between plaintiff and defendants as to plaintiff's liability, and it prays that a judgment be entered declaring the rights of the parties under the policy; that the "policy of insurance does not cover the casualty alleged in said petition to have been sustained by the said Tindall, and that no obligation under said policy of insurance exists on the part of the plaintiff to defend said suit, or to pay any judgment rendered therein, or to expend any costs incurred in the defense thereof."

On December 12, 1939, counsel for the Supply Company advised counsel for appellant that the filing of the suit for a declaratory judgment raised a situation rendering it disagreeable to the Supply Company for the appellant to defend the Tindall suit under a reservation of rights, and that the Supply Company would take charge of the defense in that case and would hold appellant liable for any sums paid for attorneys' fees and for the payment of any judgment rendered therein.

In its answer the Supply Company admits the issuance of the policy and the elements of the controversy alleged in the petition and denies all other material allegations of the petition.

As pointed out above the court below entered no findings of fact nor conclusions of law which might enable this court to appreciate the grounds upon which the judgment dismissing the petition was entered. We infer from the remarks of the court at the conclusion of the trial that the conclusion was reached (1) that no controversy exists on the law of the case; (2) that the suit calls only for an interpretation of the petition filed by Tindall in the state court; and (3) that, since the court in this case can only speculate as to whether the state court will hold that Tindall's suit is (a) an ordinary suit in tort and covered by the policy or (b) a suit for damages for an occupational disease and not covered by

the policy, he should exercise his discretion and dismiss the case.

The appellant contends (1) that an actual controversy is presented; (2) that there is no procedure in the state court whereby the appellant can obtain an adjudication of the controversy here presented and that its obligations cannot be determined in the suit now pending in the state court; and (3) that the court in the exercise of its discretion should not have dismissed the proceeding.

The defendants Tindall, Calkins and Cowan have not appeared in this court to contest the appeal. The Supply Company contends (1) that appellant, having elected to defend the Tindall suit in the state court with reservation of its rights, is "in no position to invoke the aid of the Federal District Trial Court in the case at bar"; and (2) that there is no controversy, and can be none, as to liability of appellant for any judgment against the assured which may or may not be rendered in the state court because no judgment has yet been rendered therein.

■ The appellee's contention that appellant is in no position to ask for a declaratory judgment in respect of its liability to defend because it had undertaken to cooperate in the defense of the Tindall suit with reservations is without merit. It had also reserved the right to withdraw from the defense, and it was afterwards requested to do so by the appellee. Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166, 169; Myers v. Ocean Accident & Guarantee Corporation, 4 Cir., 99 F.2d 485, 494.

■ Neither is the contention meritorious that a controversy cannot exist until a judgment has been rendered against insured in the case pending in the state court. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Columbian National Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560.

We turn to a consideration of appellant's contentions. Doubtless there is a dispute between the parties as to whether appellant under the policy is obligated to defend and to pay any judgment which may be rendered against the assured in the Tindall suit in the state court. The question to be determined is whether the controversy alleged in the pleadings is under the evidence one appro-

priate for adjudication under the Declaratory Judgment Act, supra. It is conceded that there is no dispute about the law of Missouri, which controls the interpretation of the policy and of the Missouri statutes.

■ A "controversy" in the constitutional sense, said the Supreme Court in the Haworth case, supra [300 U.S. 227, 57 S.Ct. 464, 81 L.Ed. 617, 108 A.L.R. 1000], "must be one that is appropriate for judicial determination. Osborn v. Bank of United States, 9 Wheat. 738, 819, 6 L.Ed. 204. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. * * * It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

■ The exact controversy alleged in the petition for a declaratory judgment in the instant case is as follows: The appellant alleges that the cause of action set out in Tindall's petition in the case pending in the state court "is predicated upon the allegation that the said Tindall contracted and suffered an occupational disease, and that said alleged casualty is specifically excluded from the terms and coverage of said policy of insurance * * * nor is the plaintiff herein obligated by said policy to defend said action."

On the other hand it is alleged the Supply Company "claims that said casualty is an accident within the meaning of the Missouri Workmen's Compensation Law, and claims that the same is not an occupational disease as alleged by Tindall, and that it is covered by the terms of the policy aforesaid, and is demanding that the plaintiff defend said action, and that the plaintiff assume and pay any judgment which may be rendered against said assured in said suit."

The controversy, then, is whether the insurance company is obligated under its policy to defend and pay a judgment, if one is obtained, in a suit in the state court brought by an employee of the insured for an injury sustained in the course of his employment when the policy was in force, and the insurer claims the casualty alleged in the suit is an occupational disease, which is not covered by the policy, and the insured claims that the casualty is an accident, which is covered by the policy.

The controversy thus alleged presents, under the Missouri law, an issue of fact only. There is no dispute about the law nor the coverage of the policy. There could not be such a dispute because the law is clear and well settled, and the provisions of the policy are plain and unambiguous. Chapter 28, § 3299 et seq., p. 8229 et seq., Mo.St. Ann.; Wolf v. Mallinckrodt Chemical Works, 336 Mo. 746, 81 S.W.2d 323; Downey v. Kansas City Gas Co., 338 Mo. 803, 92 S.W.2d 580; Renfro v. Pittsburgh Plate Glass Co., Mo.App., 130 S.W.2d 165; State v. Trimble, 333 Mo. 711, 63 S.W.2d 83, 86; Kemper v. Gluck, 327 Mo. 733, 39 S.W.2d 330.

Not a scintilla of evidence was offered or introduced upon this issue in the court below. When the parties rested there was no evidence in the record upon which the court could find whether the casualty in controversy was an occupational disease resulting from the negligence of the Supply Company and not covered by the policy or an accident and covered by the policy. The dispute between the parties as to the obligation of appellant to defend Tindall's suit and to pay any judgment that may be obtained therein is, therefore, upon the record presented of an hypothetical character, asking only for an advisory opinion. No decree of a conclusive character is possible upon such a record. The petition considered together with the evidence does not present a controversy "appropriate for judicial determination" under the Declaratory Judgment Act.

The judgment appealed from is affirmed on the ground that under the evidence no justiciable controversy is presented.

GARDNER, Circuit Judge (dissenting).

Not being able to concur in the views expressed in the majority opinion, I shall briefly state the grounds of my divergence therefrom.

There are two questions presented; first, is there a justiciable controversy presented, and second, is there any substantial evidence to sustain appellant's contention relative thereto? Both of these questions are answered in the negative by the majority opinion. As set out in that opinion, appellant, which was plaintiff below, alleges that the cause of action set out in Tindall's petition in the suit pending in the state court "is predicated upon the allegation that the said Tindall contracted and suffered an occupational disease and that said alleged casualty is specifically excluded from the terms and coverage of said policy of insurance * * nor is the plaintiff herein obliged by said policy to defend said action," and it is alleged that the Supply Company "claims that said casualty is an accident within the meaning of the Missouri Workmen's Compensation Law and claims that the same is not an occupational disease, as alleged by Tindall, and that it is covered by the terms of the policy aforesaid, and is demanding that the plaintiff defend said action and that the plaintiff assume and pay any judgment which may be rendered against said assured in said suit." This, in my view, shows a controversy within the purview of the Declaratory Judgment Act. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665. The existence of another adequate remedy at law or in equity does not preclude the right of relief by declaratory judgment. Rule 57, Rules of Civil Procedure. In fact, it was the manifest intention of Congress that this should be a preferred remedy. It contemplates promptness of decision, the court may order a speedy hearing and may advance it upon the calendar. That there may be jury questions involved is not a bar to the maintenance of this form of action, because the court may order such issues tried to a jury. Section 400(3), Title 28 U.S.C.A., reads as follows:

"When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

In the instant case neither party has requested a trial by jury, so that the question of the right of jury trial is purely academic. As said by the Supreme Court in Ætna Life Ins. Co. v. Haworth, supra: "That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice."

I think it has never been the rule that relief could not be had under the Declaratory Judgment Act because there were jury questions presented by the parties to the controversy.

In the case of Ætna Casualty & Surety Co. v. Yeatts, supra [99 F.2d 669], there was presented a state of facts very similar to those in the instant case. In that case a surety agreed to indemnify a physician against loss not exceeding $5,000 resulting from malpractice, except where such damage resulted from performance of a criminal act. The physician performed an operation, following which the patient died, and her administrator brought an action in the state court for damages for death by wrongful act. The Surety Company then brought an action against the physician and the administrator of the deceased patient in Federal Court to determine the liability to defend under the indemnity contract. In holding that there was an actual controversy, the court, among other things, said:

"The immediate question which the surety must decide is whether it is obliged to defend the suit against the insured in the state court. Obviously its decision cannot await the determination of that suit, nor need the determination of its duty in this respect interfere with the trial of the state suit. An actual controversy as to its contractual duty has arisen between it and the holder of its policy, and hence such a situation exists as is contemplated by the terms of the statute. Moreover, a question of coverage is involved, for the duty to defend and the duty to indemnify are both absolved by criminal conduct on the part of the insured, and this question may not be conclusively decided in the state suit to which the company is not a party, even though it undertakes the defense. See Carpenter v. Edmonson, 5 Cir., 92 F.2d 895. In similar situations it has been held in a number of recent cases that the insurer is entitled to be advised by the court whether or not it is obligated to defend and indemnify the insured against claims upon which suits are threatened or have already been brought."

The instant case and the case pending in the state court are in personam and "both may proceed until one of them is so decided as that it completely disposes of the issues for decision in the other." Carpenter v. Edmonson, supra [92 F.2d 897]. Until such a state of facts is shown to exist, the court below had jurisdiction and it was its duty to proceed to determine the rights of the parties. Ætna Life Ins. Co. v. Martin, 8 Cir., 108 F.2d 824.

Here, as in the Yeatts case, the surety must decide whether it is obligated to defend the state action brought against its insured. The appellant, by its petition, asks the court to decide the question of its obligation to defend and to pay any judgment that may be recovered in the state court action. The issues at the time of the trial of this action in the lower court had not been decided nor disposed of. There was, therefore, an actual controversy, of which the lower court had jurisdiction. It was invested with full power and authority to determine all issues of fact and law, and it should have gone to an adjudication on the merits. The fact of the pendency of another action in the state court was not sufficient to warrant a dismissal of this action. A decree of conclusive character is possible in the lower court. If plaintiff fails to prove its case, the action must be dismissed upon the merits, but if it does, plaintiff is entitled to a decision on the merits against the defendants.

But it is said that not a scintilla of evidence was offered in support of plaintiff's contention and hence the court could not find whether the casualty in controversy was an occupational disease resulting from the negligence of the Supply Company and not covered by the policy, or an accident and covered by the policy. I do not believe this statement is warranted by the condition of the record. It should first be observed that it is apparent from the record that the lower court took the position that it did not have jurisdiction and in effect told plaintiff that it would not hear its testimony going to the merits of the controversy.

However, on the dispute, as stated in the majority opinion, as to whether plaintiff under the policy was obligated to defend and to pay any judgment which might be rendered against its assured in the Tindall suit in the state court, there was this evidence: Plaintiff introduced the petitions of plaintiff in the state court actions against its insured showing allegations pertinent to an action for occupational disease. Defendant introduced no evidence whatsoever, but moved for a dismissal. The plaintiff by this evidence, aided by the admissions in the pleadings as to the issuance of the policy, its limited coverage, and the elements of the controversy, had made out a prima facie case which shifted the burden of the evi-

dence to the defendant. Instead of introducing such evidence, it moved for a dismissal.

I am of the view that the judgment appealed from should be reversed, with direction to the lower court to determine the merits of the controversy between the parties.