**Timothy PARKER and Stephanie Parker, his wife, Respondents,**

v.

**NATIONAL SUPER MARKETS, INC., Appellant.**

No. 67210.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 12, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1996.

Application to Transfer Denied Feb. 20, 1996.

Ann Marie Piana, National Super Markets, Inc., Hazelwood, for appellant.

King E. Sidwell, Blanton, Rice, Sidwell & Ottinger, Sikeston, for respondents.

SMITH, Judge.

Defendant appeals from a judgment in favor of plaintiff Timothy Parker in the net amount of $10,400 (after application of plaintiff's comparative fault) as a result of a fall on defendant's premises. We affirm.

Plaintiff was a route delivery man employed by Marion Pepsi to deliver Pepsi–Cola to a large number of customers in the Marion Pepsi service area, including defendant's store on Sprigg Street in Cape Girardeau. In July 1991, plaintiff was delivering Pepsi to that store when he stepped on a metal plate on the defendant's loading dock. The plate moved and plaintiff fell sustaining injuries. Plaintiff had pulled the Pepsi loaded dolly up the ramp facing away from the direction he was traveling.

▮ Defendant posits two contentions on appeal. The first is that plaintiff was a statutory employee of defendant and the court lacked jurisdiction because the injury was covered by the workers' compensation law. Section 287.040.1 establishes the status of statutory employee. The legislative intent in creating that category was to prevent employers from avoiding their duties under the act by contracting out work that their employees would normally do. *Bass v. National Super Markets, Inc.,* 911 S.W.2d 617 (Mo. banc No. 77915 Nov. 21, 1995).

▮ To establish the status of statutory employee the proponent of that status must establish (a) the work was performed pursuant to a contract; (b) the injury occurred on or about the premises of the alleged statutory employer; and (c) the work is in the usual course of business of the alleged statutory employer. *Id.,* slip opinion, at 619 citing *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532 (Mo. banc 1988) [2]. In *Bass, supra,* the court defined "usual course of business" as applied to statutory employment as "those activities (1) that are routinely done (2) on a regular basis and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." At 621.

There is no disagreement that in this case there was an oral agreement and that the injury occurred on the defendant's premises. There is dispute about whether it occurred in the usual course of business of National. Defendant contends that because 80% of the products delivered to its Cape Girardeau store were delivered by employees of defendant that such deliveries were in its usual course of business. The products delivered by the defendant's employees were those which came from the defendant's warehouse in St. Louis. Products which were delivered directly to the store by vendors were *never* delivered by National employees. This included beer, soda, some bread, snacks and similar items. The arrangements between those vendors and defendant called for delivery by the vendors to the store. There is no evidence that vendors would have allowed defendant's employees to make such deliveries, there was no evidence that defendant's

employees had ever made such deliveries, and there was evidence that no deliveries of Pepsi product had ever been made by defendant's employees. The very nature of the agreement between Marion Pepsi and defendant was that Marion Pepsi supplied its product to the store, unloaded its product and shelved it using its employees. Defendant failed to establish that plaintiff was its statutory employee.

█ Defendant also premises error on the trial court's refusal to give a verdict-directing instruction which posited that plaintiff could not recover if plaintiff knew or should have known of the presence of the metal plate on the loading dock. This hypothesized that if the presence of the plate was open and obvious, plaintiff could not recover. We need not discuss the law as it has evolved on "open and obvious conditions". The evidence does not establish that the danger of the plate *moving* was open and obvious, and it was the movement of the plate, not its presence alone which caused plaintiff's injury. Plaintiff did not trip on the plate, he lost his balance because the plate moved. The trial court correctly refused defendant's tendered instruction.

Judgment affirmed.

CRANE, C.J., and RHODES RUSSELL, J., concur.