J. Michael McCRACKEN, Appellant,

v.

WAL–MART STORES EAST,
LP, Respondent.

No. SC90050.

Supreme Court of Missouri,
En Banc.

Oct. 27, 2009.

Rehearing Denied Dec. 22, 2009.

Donald E. Woody, Hall, Ansley, Rodgers & Sweeney, P.C., Springfield, MO, for appellant.

James B. James, Kristie S. Crawford, Brown & James, P.C., Springfield, MO, for respondent.

LAURA DENVIR STITH, Judge.

The circuit court dismissed J. Michael McCracken's negligence claim against Wal–Mart Stores East, LP, holding that it lacked subject matter jurisdiction over the claim because Mr. McCracken is a statuto-

ry employee of Wal–Mart under section 287.040.1 of the Workers' Compensation Law ("the Act").[1] As a result, the court held, exclusive jurisdiction of his claim is vested in the Labor and Industrial Relations Commission.

This Court reverses and remands. Mr. McCracken's action is a civil case sounding in negligence. As such, the circuit court has subject matter jurisdiction to hear his claim under article V, section 14 of Missouri's constitution. *J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 253–54 (Mo. banc 2009). To the extent that prior cases state otherwise, they are in error and are overruled.

Because the issue is not a jurisdictional one, the question whether the suit is one that comes within the exception to common law tort liability created by the Act appropriately is raised as an affirmative defense under Rule 55.08 rather than by a motion to dismiss where, as here, the worker has chosen to proceed by filing a tort suit.[2] Indeed, Missouri courts so required from the first cases addressing the issue in the early 1930s until, as discussed below, the issue erroneously began to be treated as a jurisdictional one in the mid–1980s and thereafter. As is the case with other affirmative defenses, the failure to assert this affirmative defense timely in the answer may result in its waiver.

Here, Wal–Mart failed to assert this affirmative defense, instead raising the issue in its motion to dismiss. But because prior cases had stated that this issue was jurisdictional and so could be raised by a motion to dismiss, the matter will be treated as preserved in this case and in cases now pending. Reaching the merits, this

Court determines that the trial court erred in finding that Mr. McCracken is a statutory employee of Wal–Mart. For that reason, the judgment is reversed, and the case is remanded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts are not in dispute. Mr. McCracken is an employee of Interstate Brands Corporation ("IBC"), a company that produces and delivers bread products. Wal–Mart contracted with IBC for the purchase and delivery of bread products manufactured by IBC. Mr. McCracken's duties included delivering racks of bread to certain Wal–Mart stores, maneuvering the racks into the back of the stores and then reloading IBC's delivery vehicle with empty bread racks. After Mr. McCracken moved the bread racks from the truck to the receiving area of a Wal–Mart store, other IBC employees would stack the bread on Wal–Mart's shelves pursuant to IBC's contract. They would return empty bread racks to the receiving area, where Mr. McCracken, in the course of dropping off new bread racks, would reload the racks onto his truck. IBC, not Wal–Mart, instructed Mr. McCracken how to complete his delivery duties.

On November 19, 2004, Mr. McCracken was injured in the receiving area of Wal–Mart's Neosho, Missouri, store when he was struck in the shoulder by an empty bread rack while delivering IBC products. Mr. McCracken filed and settled a workers' compensation claim with IBC based on this injury.

---

**1.** All statutory references are to RSMo. Supp. 2006 unless otherwise indicated.

**2.** Of course, if Mr. McCracken believed he were a statutory employee, he alternatively could have filed a claim against Wal–Mart

before the Commission, which either would have determined the claim or dismissed it if the Commission found that he were not a statutory employee, allowing him then to file his suit in tort.

On August 25, 2005, Mr. McCracken filed a personal injury suit against Wal–Mart in the Greene County Circuit Court, alleging that he had incurred the shoulder injury because a Wal–Mart employee negligently pushed the bread rack into his shoulder. Not until March 3, 2008, the day Mr. McCracken's jury trial was set to begin, did Wal–Mart contest the circuit court's jurisdiction to determine Mr. McCracken's claim or assert that Mr. McCracken was a statutory employee under section 287.040.1 whose claim was subject to the Act's exclusivity provisions. Following a hearing, the trial court concluded that Mr. McCracken was a statutory employee of Wal–Mart and, believing this deprived it of subject matter jurisdiction, granted Wal–Mart's motion to dismiss. After decision by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

## II. STANDARD OF REVIEW

■ Dismissal for lack of subject matter jurisdiction is appropriate "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction." Rule 55.27(g)(3). Where "the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed de novo." *Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 22 (Mo. banc 2003). In the workers' compensation context, where "the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide." *Bass v. Nat'l Super Mkts.*, 911 S.W.2d 617, 621 (Mo. banc 1995).

■ Lack of subject matter jurisdiction is not subject to waiver; it can be raised at any time, even on appeal. *Groh*

*v. Groh*, 910 S.W.2d 747, 749 (Mo.App. 1995). By contrast, if a matter is not jurisdictional but rather is a procedural matter required by statute or rule or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely. *See In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006) (personal jurisdiction may be waived); *Heins Implement Co. v. Mo. Highway & Transp. Comm'n*, 859 S.W.2d 681, 685 (Mo. banc 1993) *(res judicata defense is waived* where not raised timely, absent implied consent) (overruled on other grounds); *In Their Representative Capacity as Trustees for Indian Springs Owners v. Greeves*, 277 S.W.3d 793, 798 (Mo.App.2009) (lack of capacity defense waived if not raised timely).

## III. WHETHER A CASE IS COMMITTED TO INITIAL DETERMINATION BY THE LABOR & INDUSTRIAL RELATIONS COMMISSION IS NOT A MATTER OF SUBJECT MATTER JURISDICTION

### A. Distinction of Subject Matter Jurisdiction and Statutory Authority.

■ Mr. McCracken contends that the circuit court erred in dismissing his petition for lack of subject matter jurisdiction. He argues that because his personal injury claim is a civil action, the circuit court had subject matter jurisdiction to determine his case.

■ "The essential bases of a court's authority to adjudicate a controversy are its jurisdiction over the subject matter of the controversy and jurisdiction over the parties." *Hendrix*, 183 S.W.3d at 587–88. Both parties agree that the circuit court had personal jurisdiction over them. Missouri's constitution is unequivocal in stating that circuit courts "have original juris-

diction *over all cases and matters*, civil and criminal." Mo. Const. art. V, sec. 14 (emphasis added). As a result, Mr. McCracken is correct that the circuit court had subject matter jurisdiction over his tort claim against Wal–Mart. *J.C.W.*, 275 S.W.3d at 253–54. As this Court recently has had occasion to clarify in *J.C.W.*, *Hendrix*, and *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 75–76 (Mo. banc 2009), to the extent that some cases have held that a court has no jurisdiction to determine a matter over which it has subject matter and personal jurisdiction, those cases have confused the concept of a circuit court's jurisdiction—a matter determined under Missouri's constitution—with the separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case.

For instance, in *J.C.W.*, Mother argued that the circuit court lacked jurisdiction to grant Father's motion to modify child support because Father was more than $10,000 in arrears and a statute[3] deprived a parent with an arrearage exceeding $10,000 of the right to file a motion to modify. 275 S.W.3d at 256. This Court held that because the case before it was a civil case, "the circuit court ha[d] subject matter jurisdiction and, thus, ha[d] the authority to hear th[e] dispute." *Id.* at 254. It discarded the notion that there was a third type of jurisdiction called "jurisdictional competence" and concluded that analysis of circuit court jurisdiction now is confined "to constitutionally recognized doctrines of personal and subject matter jurisdiction." *Id.* at 254.

This analysis applies here. Mr. McCracken has filed a civil suit for dam-

ages in a circuit court that has personal jurisdiction over him and Wal–Mart. The court below had jurisdiction to hear his claim. Mo. Const. art. V, sec. 14. It erred, therefore, in dismissing his claim for lack of jurisdiction once it determined that Mr. McCracken was a statutory employee of Wal–Mart.

But this does not mean that Mr. McCracken has an undefeatable right to have his claim determined in circuit court just because he chose to file it there in the first instance, without regard to whether he is Wal–Mart's statutory employee or whether his claim is otherwise one that Missouri statutes commit to determination by the Commission. Rather, it means that this issue should be raised as an affirmative defense to the circuit court's *statutory authority to proceed* with resolving his claim.

■ This distinction is far more than a semantic one. Subject matter jurisdiction cannot be waived. *Gunn v. Dir. of Revenue*, 876 S.W.2d 42, 43 (Mo.App.1994). That is why the circuit court permitted Wal–Mart to raise the issue on the eve of trial even though it had not been preserved in Wal–Mart's pleadings. Other, non-jurisdictional defenses that might bar relief—such as claims that plaintiff lacks capacity to sue, that suit has been filed in the wrong venue, that the defendant is a fellow servant, or that a statutory prerequisite to suit has not been met—on the other hand, are subject to waiver if not raised timely in a responsive pleading or as otherwise permitted by Missouri's rules and case law. *See* Rule 55.08 (governing affirmative defenses); Rule 55.27(a) (governing how defenses are asserted);[4] *Hen-*

---

3. *See* 454.455.4, RSMo 2000, *repealed by* 2009 Mo. Laws 599.

4. Rule 55.27(a) provides, in pertinent part:

"Every defense, in law or fact, to a claim in any pleading ... shall be asserted in the responsive pleading thereto ... except that the following defense[ ] may at the option of

*drix*, 183 S.W.3d at 587–88 (personal jurisdiction may be waived); *Indian Springs Owners*, 277 S.W.3d at 798 (Mo.App.2009) (lack of capacity defense subject to waiver); *Davis v. Kempker*, 167 S.W.3d 721, 727 (Mo.App.2005) (venue may be waived).

### B. Act's Historical Treatment as Affirmative Defense.

The circuit court's mixing of the concepts of subject matter jurisdiction with the authority of the court to proceed is understandable, as Missouri's appellate decisions regarding this issue have not been consistent. The issue whether the Act is an affirmative defense that must be pleaded timely and proved or, instead, is a jurisdictional defense that may be raised for the first time on appeal had been a subject of litigation since at least this Court's decision in *Kemper v. Gluck*, 327 Mo. 733, 39 S.W.2d 330 (1931). In *Kemper*, plaintiff sued her employer for negligence in circuit court. On appeal, the employer for the first time alleged the issue involved workers' compensation, thereby depriving the court of jurisdiction. This Court rejected that argument, stating that "[w]here an action is at common law and invokes common-law liability only, an exception to such liability created by statute is not an element of the cause of action; it is a matter of defense." *Id.* at 333. Therefore, "[t]he burden is upon the party claiming the applicability of the act to bring himself under it ... if he would make it a defense, he must plead and prove himself within its terms." *Id.*

Applying these principles to the case before it, *Kemper* held that because "the petition of the plaintiff stated a cause of action within the jurisdiction of the circuit court ... lack of jurisdiction was an affirmative defense which the defendant should have pleaded but failed to do so." 39 S.W.2d at 334. The Court concluded that a timely demurrer to the plaintiff's petition might have been meritorious in the first instance but that any defect in the petition "was cured by the verdict." *Id.* at 335. *See also Warren v. Am. Car & Foundry Co.*, 327 Mo. 755, 38 S.W.2d 718, 721 (1931).

For some 50 years following *Kemper*, the principle that the Act's exclusivity provisions provide an affirmative defense that may be waived was rooted deeply in the case law, with myriad decisions stating that the applicability of workers' compensation turned on whether it had been pleaded and proved in a responsive pleading.[5] As recently as 1991, at least some court of appeals decisions properly continued to recognize that the workers' compensation defense was not jurisdictional in nature, *see e.g., Schneider v. Union Elec. Co.*, 805 S.W.2d 222, 224–226 (Mo.App. 1991), *abrogated by, Romero v. K.C. Station Corp.*, 98 S.W.3d 129, 135 (Mo.App. 2003).

Nonetheless, beginning in the 1980s, sloppy references to a court's authority to proceed as a kind of jurisdictional competence issue gradually appear to have resulted in a general acceptance that the workers' compensation defense was a matter of subject matter jurisdiction. *See, e.g., State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621, 623 (Mo. banc 2002) ("Subject matter jurisdiction over [workers' compensation claims] properly lies in the Labor and Industrial Relations Com-

the pleader be made by motion: (1) lack of jurisdiction over the subject matter...."

**5.** *See, e.g., Greiser v. W. Supplies Co.*, 406 S.W.2d 13, 16 (Mo.1966); *Roberts v. Epicure Foods Co.*, 330 S.W.2d 837, 839 (Mo.1960); *Miller v. Municipal Theatre Ass'n of St. Louis*, 540 S.W.2d 899, 906 (Mo.App.1976); *Kearley v. St. Louis Car Co.*, 111 S.W.2d 976, 979 (Mo.App.1938).

mission").[6] This included claims, such as the one now before this Court, that plaintiff was defendant's statutory employee.[7]

To the extent that these and similar cases hold that the Act's applicability is a matter of the trial court's subject matter jurisdiction, they are overruled. It is firmly established that the circuit court in which a personal injury claim is filed has the authority to determine whether the claim involves the employer/employee relationship for purposes of the Act. *Harris v. Westin Management Co. East*, 230 S.W.3d 1, 2–3 (Mo. banc 2007). Nothing in the Act supports the conclusion that this determination of whether an employer/employee relationship exists was intended to divest circuit courts retroactively of subject matter jurisdiction over personal injury actions that implicate the provisions of the Workers' Compensation Law. Indeed, the Act could not overrule the provision of article V, section 14 giving circuit courts jurisdiction over personal injury claims. A party properly may raise the Act's applicability as an affirmative defense as provided in Rules 55.08 and 55.27(a). To treat workers' compensation defenses differently would promote "continued confusion in the courts as to whether a court's error[ ] in following a statute . . . [is] jurisdictional in nature." *J.C.W.*, 275 S.W.3d at 254.

## C. Application to McCracken and Pending Cases.

Applying these principles here, the issue whether Mr. McCracken is a statutory employee of Wal–Mart under section 287.040.1 is not a question that affects the circuit court's subject matter jurisdiction to decide his claim. Rather, a claim that the court has before it an exception to the normal rule that tort cases are determined by the circuit court is a matter of affirmative defense that must be pleaded and proved as provided in Rules 55.08 and 55.27. It is not a defense that may be raised in a motion to dismiss.

In cases filed hereafter, failure to timely raise the Act's applicability as an affirmative defense may constitute a waiver of that defense, just as is the case with other affirmative defenses. Because recent cases erroneously suggested that the Act's applicability could be raised by filing a motion to dismiss for lack of subject matter jurisdiction, however, this rule will be applied prospectively only.

This means the trial court here did not commit reversible error in addressing the issue when raised by motion, and counsel for Mr. McCracken has agreed that he does not claim the statutory employee defense was waived because it was not raised as an affirmative defense.[8] In pending

---

6. *Accord, State ex rel. McDonnell Douglas Corp. v. Ryan*, 745 S.W.2d 152, 153 (Mo. banc 1988) ("A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise the defense of workers' compensation"); *Jones v. Jay Truck Driver Training Center, Inc.*, 709 S.W.2d 114, 116 (Mo. banc 1986) (where the act applies, a defendant is free to "assert by motion or answer that the court lacks jurisdiction of the subject matter").

7. *State ex rel. MSX Int'l, Inc. v. Dolan*, 38 S.W.3d 427, 429, 430 (Mo. banc 2001); *McGuire v. Tenneco*, 756 S.W.2d 532, 533 (Mo. banc 1988); *Romero v. Kansas City Sta-*

*tion Corp.*, 98 S.W.3d 129, 132–38 (Mo.App. 2003); *Parmer v. Bean*, 636 S.W.2d 691, 695 (Mo.App.1982).

8. In oral argument, counsel for Mr. McCracken confirmed that he was not arguing waiver and that both parties were readying the workers' compensation issue for summary judgment should this Court decline to reach the merits of Wal–Mart's statutory employee defense. The professional courtesy displayed by counsel for both parties in addressing this issue is greatly appreciated by the Court and is an approach the Court hopes is emulated in future cases.

cases, courts should treat the matter as preserved if raised in such a motion and should be liberal in permitting amendment to add section 287.040.1 to responsive pleadings during the transition back to treating this matter as an affirmative defense.

## IV. WAL–MART IS NOT PLAINTIFF'S STATUTORY EMPLOYER

The remaining issue is whether the trial court erred in finding that Mr. McCracken is Wal–Mart's statutory employee under section 287.040.1. The statute provides that "[a]ny person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer" and shall be fully liable under the Act. Sec. 287.040.1. The statute is designed to prevent employers from evading the Act's requirements by hiring independent contractors to perform work the employer otherwise would hire ordinary employees to perform. *Bass*, 911 S.W.2d at 619. It does so by defining the company that hires the independent contractor as a statutory employer. This allows an injured employee to recover workers' compensation from the company if injured, just as if the work had not been farmed out to an independent contractor. *Huff v. Union Elec. Co.*, 598 S.W.2d 503, 511 (Mo.App.1980).

The party asserting the existence of statutory employee status bears the burden of proving that the injured person was a statutory employee of the purported statutory employer. *Martinez v. Nationwide Paper*, 211 S.W.3d 111, 115 (Mo.App.2006). One is a statutory employee if (1) the work is performed pursuant to a contract, (2) the injury occurs on or about the premises of the alleged statutory employer and (3) the work is in the usual course of the alleged statutory em-

ployer's business. *Bass*, 911 S.W.2d at 619. The parties here agree that the first and second elements are satisfied. Therefore, the disposition of this appeal turns on application of the "usual business" element.

Whether a particular sort of work is within a party's usual course of business is a fact-driven inquiry; there is no " 'litmus paper' test." *Ferguson v. Air–Hydraulics Co.*, 492 S.W.2d 130, 135 (Mo.App. 1973). In *Bass*, this Court defined "usual business" as "those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." 911 S.W.2d at 621. This definition is designed to exclude "specialized or episodic work that is essential to the employer but not within the employer's usual business as performed by its employees." *Id.*

In determining whether Mr. McCracken's work was in Wal–Mart's "usual business," it is useful to consider a number of factually similar cases in which courts have addressed the statutory employee status of a delivery person injured on a company's premises while supplying products to the alleged statutory employer. These cases have found that the delivery person is not a statutory employee even where the delivery person provided some minor additional service beyond merely delivering products.

In *Wallace v. Porter DeWitt Constr. Co.*, 476 S.W.2d 129 (Mo.App.1971), plaintiff worked for an independent contractor delivering fuel to the defendant's job site and pumping the fuel into defendant's construction equipment. In the course of this work, plaintiff was injured. Plaintiff filed a workers' compensation claim against de-

fendant, arguing that he was defendant's statutory employee. *Id.* at 130–31. The court of appeals disagreed, stating that its analysis was governed by observing "the real roles and relationships of the parties." *Id.* at 134. It noted that "[plaintiff's] role was to equip [defendant's] business for operation or to facilitate its operation, but [plaintiff] was not to work in or participate in the actual operation of the usual business that [defendant] carried on upon its premises." *Id.*

Similarly, in *Parker v. National Super Markets, Inc.,* 914 S.W.2d 30 (Mo.App. 1995), plaintiff worked for Pepsi delivering sodas to grocery stores and other vendees including the defendant. The "nature of the agreement between . . . Pepsi and defendant was that . . . Pepsi supplied its product to the store, unloaded its product and shelved it using its employees." *Id.* at 32. When plaintiff received a judgment in a negligence action, defendant argued that plaintiff was its statutory employee. The court of appeals held that plaintiff was not a statutory employee because there was no evidence that defendant's employees ever had delivered or would be allowed to deliver Pepsi's products. *Id.* at 31–32.[9]

Here, as in *Wallace,* the issue is "the real role[ ] and relationship[ ]" of Mr. McCracken and Wal–Mart: Mr. McCracken was a delivery driver for a supplier, IBC, while Wal–Mart was a buyer. The fact that Mr. McCracken places bread racks in the receiving area of Wal–Mart stores—and even the conduct of other IBC workers in placing the bread on Wal–Mart's shelves—is comparable to the Wallace plaintiff's conduct in filling defendant's equipment with fuel. By delivering bread, Mr. McCracken's role was to equip Wal–Mart for business, not to engage in

its business himself. In this way, delivering bread is part of the regular work of IBC, not Wal–Mart. To Wal–Mart, the bread delivery is in the nature of "specialized . . . work that is essential to" Wal–Mart but is not within Wal–Mart's "usual business as performed by its employees." *Bass,* 911 S.W.2d at 621. Like the defendant in *Parker,* Wal–Mart has not demonstrated that its employees ever delivered and shelved the bread IBC provides or that IBC ever would permit Wal–Mart's employees to do so.

Finally, even were the facts to present a closer case, this Court is mindful of *Bass'* admonishment that "until directed by the legislature to embark on another course, courts must continue to give the Act a liberal reading, deciding close cases in favor of workers' compensation coverage." *Id.* The shift in course alluded to in *Bass* has occurred. The General Assembly has amended the Act to require that "reviewing courts shall construe the provisions of th[e] [Act] strictly." Sec. 287.800. Construing the Act's provisions strictly, as the Court must, confirms the conclusion that the trial court erred in holding that Mr. McCracken was a statutory employee of Wal–Mart.

## V. CONCLUSION

Because the undisputed record makes clear that Wal–Mart was not Mr. McCracken's statutory employer, the trial court erred in dismissing Mr. McCracken's suit. The judgment of the trial court is reversed, and the cause is remanded.

All concur.

---

9. *See also Looper v. Carroll,* 202 S.W.3d 59, 63 (Mo.App.2006); *Shipley v. Gipson,* 773 S.W.2d 505, 507–08 (Mo.App.1989).