**STATE of Missouri ex rel. DOLGEN-CORP, INC., d/b/a Dollar General Stores, Relator,**

v.

**The Honorable Stephen R. SHARP, Respondent,**

**and**

**City of Campbell, Missouri, and William "Buck" Riley, Defendant.**

**No. SD 29398.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 4, 2010.

Jeffrey A. Mullins, Matthew M. Hogan, Lenexa, KS, for Relator.

W. Tom Norrid, Springfield, MO, for Respondent.

Albert M. Spradling, III, Cape Girardeau, MO, for Defendant.

NANCY STEFFEN RAHMEYER, Judge.

On March 19, 2009, this Court issued an opinion in this cause. On December 22, 2009, the Supreme Court of Missouri issued an order sustaining an application for

transfer to that court and retransferring the cause to this Court "for reconsideration in light of *J. Michael McCracken v. Wal–Mart Stores East, LP*, [298 S.W.3d 473 (Mo. banc 2009).]" The original opinion of this Court, which follows, is now readopted and reissued with attribution to the Supreme Court's *McCracken* opinion.

This request for a Writ of Prohibition stems from a case in which William and Carolyn Flowers ("Plaintiffs") filed a Wrongful Death/Negligence Petition for Damages against several defendants, including Dolgencorp, Inc., d/b/a Dollar General Stores ("Relator"), based on the death of their daughter, Kasi Flowers ("Daughter"). The petition alleged that on August 12, 2006, Daughter was employed by Relator. At approximately 1:22 p.m. on that date, a man entered the Dollar General store where Daughter was working, chased Daughter, and attempted to assault her. At approximately 6:45 p.m., the man reentered the store and shot and killed Daughter.

Relator filed an Answer to the Petition for Damages, raising as an affirmative defense that the Petition should be dismissed for lack of subject matter jurisdiction as found in Rule 55.27(a)(1) due to the fact that section 287.120 of Missouri's Workers' Compensation Law provides the exclusive remedy for injured employees.[1] Relator also filed a Motion to Dismiss based upon the court having a lack of jurisdiction over the subject matter of the case pursuant to the statutory bar of section 287.120. The Honorable Stephen R. Sharp ("Respondent") denied the Motion to Dismiss.

Relator filed a Petition for Writ of Prohibition to prevent Respondent from taking further action in the underlying case brought by Plaintiffs. This Court entered a Preliminary Order in Prohibition. Rela-tor requests that we make the Preliminary Order in Prohibition absolute and prevent Respondent from taking any further action other than granting Relator's Motion to Dismiss because section 287.120 provides the exclusive remedy for injured workers. Respondent counters that Relator is not entitled to an order prohibiting Respondent from taking action in the case because "[f]urther discovery must be done to determine what effect the initial assault upon [Daughter] on the afternoon of August 12, 2006 had upon her employment status" at the time of her death.

In a recent opinion, the Supreme Court held that the trial court has subject matter jurisdiction in a common law tort case. In *McCracken*, the plaintiff filed suit against the defendant, alleging that while the plaintiff was making a delivery to the defendant's store, one of the defendant's employees negligently injured the plaintiff. *Id.* at 476. The defendant filed an answer but did not assert an affirmative defense based on the exclusive workers' compensation remedy provided by section 287.120. *Id.* at 475. The defendant also filed a motion to dismiss, asserting that the plaintiff was the defendant's employee and, therefore, the exclusive workers' compensation remedy provided by section 287.120 deprived the trial court of subject matter jurisdiction. *Id.* 475–76. The trial court granted the motion to dismiss based upon lack of subject matter jurisdiction. *Id.* at 476.

The Supreme Court reversed and remanded that decision based on its opinion in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), which made it clear that the circuit court's subject matter jurisdiction over all civil and criminal cases, granted to it by Article V, section 14

---

1. All rule references are to Missouri Court Rules (2002), and all references to statutes are to RSMo Cum.Supp.2005, unless otherwise specified.

of the Missouri Constitution, cannot be restricted by statutes that would bar litigants from relief. *McCracken*, 298 S.W3d at 476–77. Applying *J.C.W.*'s subject matter jurisdiction analysis, the Supreme Court held in *McCracken* that because the tort case was a civil case, the circuit court had subject matter jurisdiction, and that the issue should be raised as an affirmative defense to the circuit court's authority to proceed in resolving the claim. *Id.* at 476–77. Regarding the procedural effect that the exclusive workers' compensation remedy provided by statute had on the case, the court explained that

> the issue ... is not a question that affects the circuit court's subject matter jurisdiction to decide his claim. Rather, a claim that the court has before it an exception to the normal rule that tort cases are determined by the circuit court is a matter of affirmative defense that must be pleaded and proved as provided in Rules 55.08 and 55.27.

*Id.* at 479.

Consistent with *McCracken*, the present wrongful death/negligence claim is a civil case and Respondent has subject matter jurisdiction. We, therefore, improvidently granted a writ of prohibition preventing Respondent from taking further action in this case. The Preliminary Order in Prohibition is quashed.

SCOTT, C.J., and LYNCH, P.J., concur.