Helen KAYDEN, Appellant,

v.

FORD MOTOR COMPANY, Respondent.

WD 80165

Missouri Court of Appeals, Western District.

OPINION FILED: September 19, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied October 31, 2017.

David Bony, Kansas City, MO, for Appellant.

George Reinbold, Springfield, MO, for Respondent.

Before Division One: James Edward Welsh, P.J., Thomas H. Newton, and Gary D. Witt, JJ.

James Edward Welsh, Presiding Judge

Plaintiff/Appellant Helen Kayden ("Kayden") appeals from the Judgment of the Circuit Court of Clay County granting summary judgment in favor of Defendant/Respondent Ford Motor Company ("Ford") on Kayden's petition. The circuit court found that Kayden was a "statutory employee" of Ford when she was injured and her exclusive remedy against Ford is the Missouri's Workers' Compensation Act. The circuit court accordingly granted summary judgment in favor of Ford finding that the court lacked the statutory authority to proceed. Kayden now appeals. We affirm.

## Factual Background

Kayden's action against Ford arises out of an injury she sustained on March 22, 2010, when she slipped and fell on the parking lot of Ford's assembly plant in Claycomo, Missouri. Kayden was employed by U.S. Security Associates, Inc. as a private security guard and had worked in this capacity from 2007 to February of 2011. Kayden's employer entered into a contract with Allied Automotive Group, which had contracted with Ford to provide security services for Ford. Kayden's job responsibilities for Ford included monitoring the Claycomo assembly plant parking lot to ensure the security of recently assembled vehicles and to stop unauthorized vehicles from entering the parking lot. Kayden would also check and verify the paperwork of drivers leaving the parking lot. Kayden worked approximately thirty hours per week in this capacity.

Kayden alleged in her petition that she was injured when she slipped and fell while at work providing security services for Ford. She alleged that Ford, through its agents, used too much patching material to fill a large pothole in the parking lot where she worked and failed to remove the excess patching material. Kayden claims that this excess patching material combined with rain and snow, to create a slippery mud-like substance a few inches deep. Kayden alleged that Ford's employees or agents created this dangerous condition and failed to warn her of the dangerous condition. According to Kayden, Ford's direct negligence caused her to slip and fall and sustain her injuries. As an affirmative defense to Kayden's claims, Ford asserted that Kayden was a statutory employee of Ford under the Missouri Workers' Compensation Act.

Ford filed its Motion for Summary Judgment arguing that Kayden, as Ford's

statutory employee, had as her exclusive remedy the Missouri's Workers' Compensation Act. The circuit court agreed, finding that "[a]s a result of [Kayden's] status as a statutory employee of Ford Motor Company, her exclusive remedy against defendant Ford Motor Company is provided by Missouri's Workers' Compensation Statute and this Court lacks the statutory authority to proceed." Kayden now appeals.

### Standard of Review

When considering an appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Because the circuit court's judgment is based on the record submitted and the law, we need not defer to the circuit court's order granting summary judgment. *Id.* Rather, because "[t]he propriety of summary judgment is purely an issue of law," we review the grant of a summary judgment *de novo*. *Id.* "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Thus, we will affirm the grant of a summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 377, 380.

*Reverse Mortg. Sols., Inc. v. Estate of Hunter*, 479 S.W.3d 662, 665-66 (Mo. App. 2015).

### Analysis

In her sole point on appeal, Kayden argues that the circuit court erred in granting Ford's Motion for Summary Judgment based upon the affirmative defense that Ford was Kayden's statutory employer and so was protected from civil liability by the Missouri Workers' Compensation Act because a direct negligence claim by an employee of an independent contractor against a statutory employer is not barred by the Missouri Workers' Compensation Act and, as Kayden's action was premised upon Ford's direct negligent act of creating a dangerous condition on its premises where Kayden worked, Ford was not entitled to summary judgment as a matter of law.

The basis of the circuit court's finding of summary judgment in favor of Ford was that Kayden was a statutory employee of Ford when she was injured and her exclusive remedy is the Missouri Workers' Compensation Act (the "Act"). At the time of Kayden's injury in 2010, the Act's exclusivity provision stated, in relevant part, the following:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

Section 287.120.1.[1] Section 287.040 delineates the scope of the individuals consid-

---

1. With regard to workers' compensation cases, the statute in effect at the time of injury is generally the applicable version. *See Anderson v. Veracity Research Co.*, 299 S.W.3d 720, 725 (Mo. App. 2009). Thus, all statutory references are to RSMo 2000 as updated by the 2009 Cumulative Supplement.

ered as employed by an employer so as to be covered by the Act. Section 287.040.1 states:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Our Supreme Court has explained that this provision was adopted by the Missouri General Assembly "to prevent employers from circumventing the requirements of the Act by hiring independent contractors to perform work the employer would otherwise perform." *Bass v. Nat'l Super Markets, Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995). Where "the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide." *Id.* at 621.

As explained by our Supreme Court in *Bass*, "statutory employment exists when three elements coexist: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer." *Id.* at 619-20. The parties agree here that the facts are not disputed. Kayden admits that at the time she was injured she was performing work in the form of the provision of security services for Ford pursuant to a subcontract through her employer U.S. Security Services, Inc. Kayden admits that her injury occurred on the parking lot of Ford's Claycomo assembly plant. Elements (1) and (2) above are conclusively established.

The only question remaining concerns element (3), which is whether the work was performed in the usual course of Ford's business. "Whether a particular sort of work is within a party's usual course of business is a fact-driven inquiry; there is no 'litmus paper' test." *McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473, 480 (Mo. banc 2009). In *Bass*, our Supreme Court defined "usual business" as

> those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement.

911 S.W.2d at 621. This definition is intended to exclude "specialized or episodic work that is essential to the employer but not within the employer's usual business as performed by its employees." *Id.* It is readily apparent under the facts of this case that Kayden was performing her work in the usual course of Ford's business. Kayden was providing security in a parking lot for Ford's Claycomo assembly plant and was working approximately thirty hours per week in this capacity. The security services were routinely provided, and the contract between Ford, Allied Automotive Group, and U.S. Security Associates required that these services would be performed daily. In the absence of contracted security services, Ford would have had to hire additional employees to perform this work.

Kayden does not dispute any of the above facts. Kayden in briefing before this Court fails to address in a substantive

manner whether she qualified as a statutory employee covered by the Act. Rather, Kayden argues that traditional principles of negligence dictate that Ford is responsible for the injuries she sustained while on Ford's premises. She argues that as "an employee of an independent contractor, [she] qualifies as a business invitee of [Ford]" and, thus, Ford owed her a duty to use reasonable and ordinary care to prevent her injury.

The cases relied on by Kayden to support her contention are misplaced. For example, in *Woodall v. Christian Hospital NE-NW*, the employee of an independent contractor sustained injuries on the premises of a hospital who had contracted with the independent contractor to perform asbestos remediation services. 473 S.W.3d 649, 651 (Mo. App. 2015). The hospital argued that it was entitled to summary judgment because the employee had received workers' compensation benefits through her independent contractor employer. *Id.* at 659-60. The Court found, in part, that the hospital was not protected by the Act as the hospital was not the injured employee's employer. *Id.* at 660. The case is simply inapposite to the case at bar as it does not involve an employee of an independent contractor who qualifies as a *statutory employee* so as to be governed by the Act. Kayden's reliance on *Daoukas v. City of St. Louis* is similarly misplaced. 228 S.W.3d 30 (Mo. App. 2007) (determining what duties were owed to employee of independent contractor by premises owner with no discussion or question that employee was not a statutory employee of premises owner). Kayden's reliance on general principles of negligence to avoid summary judgment is misplaced as it neglects the primary issue in the case, which is whether Kayden's exclusive remedy for her injury is governed by the Act. As explained above, because Kayden did qualify as a statutory employee of Ford at the time of her injury, the answer is yes.

The trial court did not err in finding that Kayden was a statutory employee of Ford at the time she sustained her injury and is, therefore, subject to the Act. There is no disputed issue of material fact and Ford is entitled to judgment as a matter of law.

The point is denied.

### Conclusion

The judgment of the Circuit Court is affirmed.

All concur.