

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **LOIS McDONALD,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD81938** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **May 21, 2019** |
| **CHAMBER OF COMMERCE OF** | ) | |
| **INDEPENDENCE, MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kenneth R. Garrett, III, Judge**

**Before Division Two:**  Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Cynthia L. Martin, Judges

Ms. Lois McDonald ("McDonald") appeals from the judgment entered by the Circuit Court of Jackson County, Missouri ("circuit court"), granting the Chamber of Commerce of Independence, Missouri's ("Chamber") motion to dismiss McDonald's petition for damages under the Missouri Human Rights Act ("MHRA").[1]  Because the circuit court has conflated statutory prerequisites to filing suit with subject matter jurisdiction, the circuit court's ruling is erroneous.  We reverse and remand.

---

[1] The Chamber also requests that this court strike McDonald's amended opening brief, arguing that McDonald expanded her arguments in her amended brief.  However, the error raised in both the original and amended appellant's briefs are substantially similar, and the Chamber has suffered no briefing prejudice.  Consequently, we deny the Chamber's motion to strike.

**Factual and Procedural History**[2]

McDonald, born August 7, 1952, was hired by the Chamber in 2011 as Vice-President of Community Development at a salary of $80,000 per year. With the exception of the Chamber's president, McDonald was the oldest employee at the Chamber. On November 28, 2016, the Chamber's president informed McDonald that her salary was being reduced to $50,000 per year. No other employees, all of whom were younger than McDonald, had their salaries reduced. McDonald also had not been offered the same opportunities for career development as those offered to younger employees. On March 2, 2017, McDonald filed a Charge of Discrimination against the Chamber with the Missouri Commission on Human Rights ("Commission") and thereafter requested a notice of her right to sue and was notified by the Commission that a response to such request would be forthcoming on or before August 15, 2017. However, the Commission did not issue a right-to-sue letter to McDonald until September 28, 2017.

On August 25, 2017, McDonald filed a petition for damages against Chamber, alleging age discrimination.[3] Thereafter, and four days *after* the Commission had issued its right-to-sue letter (which shows that Chamber was copied), Chamber filed a motion to dismiss McDonald's petition for lack of subject matter jurisdiction arguing that, without *an allegation included in the petition* that McDonald had *received* her right-to-sue letter from the Commission (even though Chamber had actual knowledge that such right-to-sue letter had, by then, been *issued*),

---

[2] In reviewing a circuit court's grant of a motion to dismiss, we treat the facts in the petition as true and construe them liberally in favor of the plaintiff. *Eckel v. Eckel*, 540 S.W.3d 476, 479 n.3 (Mo. App. W.D. 2018) (citing *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008)).

[3] "In 2017, the Missouri legislature amended the MHRA, and the amendment went into effect on August 28, 2017." *Bram v. AT&T Mobility Servs., LLC*, 564 S.W.3d 787, 794 (Mo. App. W.D. 2018) (internal citation omitted). And, where the discriminatory conduct is alleged to have occurred prior to the August 28, 2017 effective date for the MHRA amendments, the MHRA claim is deemed to have accrued prior to the amendments, and the pre-amendment "contributing factor" standard applies to the MHRA claim (and not the post-amendment "motivating factor" standard). *Id.* at 795. As McDonald's counsel explained below and to this court, the timing of counsel's filing of the petition was to take into account that counsel did not know whether the courts would interpret the MHRA amendments retroactively or prospectively, and counsel was attempting to preserve her client's best interests under the law.

McDonald had failed to *plead* that she had exhausted her administrative remedies under the MHRA. Consequently, Chamber argued that the circuit court did not have *subject matter jurisdiction* over McDonald's claims and should dismiss the petition.[4]

McDonald responded by arguing that the right-to-sue letter had been issued and, hence, all statutory prerequisites had been met authorizing the MHRA claim to proceed.[5]

The circuit court granted Chamber's motion to dismiss, expressly concluding that it lacked subject matter jurisdiction, and thereafter, the circuit court denied McDonald's Rule 67.06 motion to amend her petition to add an allegation that, in fact, the right-to-sue letter had been issued by the Commission.[6]

---

[4] This is the *only* basis that was asserted in support of Chamber's motion to dismiss. At oral argument, Chamber's counsel argued that an alternative basis in support of the motion to dismiss was a Rule 55.16 "conditions precedent" argument, but that is not an accurate statement. Further, Rule 55.16 expressly notes that "it is sufficient to aver generally that all conditions precedent have been performed or have occurred" and McDonald's petition expressly made such an allegation at paragraph 4 of her Petition for Damages. Further, there is nothing in Rule 55.16 that elevates the issue contemplated by Rule 55.16 as a Rule 55.27(a) issue that is permitted to be raised by motion. Instead, Rule 55.16 contemplates that it is Chamber's responsibility to plead non-performance of a condition precedent "specifically and with particularity" in Chamber's responsive pleading to McDonald's petition, a topic we discuss more fully in our ruling today.

[5] McDonald relied upon federal precedent interpreting the MHRA. "[F]ederal precedent is not binding on this Court . . . ." *Will v. Pepose Vision Inst., P.C.*, 528 S.W.3d 433, 437 (Mo. App. E.D. 2017). However, we find it relevant to our analysis today that numerous federal district and appellate courts from the eastern and western districts of Missouri and the Eighth Circuit Court of Appeals have interpreted the MHRA in precisely the way that McDonald did in responding to the motion to dismiss. *See Vankempen v. McDonnell Douglas Corp.*, 923 F.Supp. 146, 149 (Mo. E.D. 1996) (citing *Jones v. Am. State Bank*, 857 F.2d 494, 499 (8th Cir. 1988)) ("[T]he Court concludes that receipt of a notice of right to sue is a condition precedent to filing an MHRA civil action, *which may be cured after the action has begun*. Further, because plaintiff's action was on file when he received the right-to-sue letter, he meets the MHRA requirement that suit be filed within ninety days after receipt of notice of right to sue." (emphasis added)); *see also Clayton v. Speed Emissions, Inc.*, No. 4:12-CV-565-CDP, 2012 WL 1253066, at *2 (E.D. Mo. Apr. 13, 2012) ("Because the failure to obtain a right-to-sue letter can be cured and does not create a *jurisdictional* bar to filing a MHRA action, the Court will allow process to issue as to all defendants relative to plaintiff's MHRA claims." (emphasis added)); *Griffey v. Daviess/DeKalb Cty. Reg'l Jail*, Case No. 10-06099-CV-SJ-DGK, 2011 WL 587264, at *3 (W.D. Mo. Feb. 10, 2011) (finding plaintiff's attorney's representations that a right to sue letter was forthcoming were sufficient for the court to decline to dismiss plaintiff's MHRA claims). In other words, as we similarly conclude today, a statutory prerequisite to suit is *not* a *jurisdictional* issue and it does not invoke pleading deficiency; rather, it is an affirmative defense to the *authority* of a circuit court to permit an MHRA claim to proceed. As we explain in our ruling today, this is a distinction with a difference.

[6] McDonald also asserts error on the basis of this ruling by the circuit court. Rule 67.06 of the Missouri Rules of Civil Procedure provides that "[o]n sustaining a motion to dismiss a claim . . . the court **shall freely grant leave to amend**." (Emphasis added.) The general application of Rule 67.06 is that "'[o]rdinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired.'" *Costa v. Allen*, 274 S.W.3d 461, 463-64 (Mo. banc 2008) (quoting *Dietrich v. Pulitzer Publ'g Co.*, 422 S.W.3d 330, 334 (Mo. 1968)). Here, like *Costa*, the present lawsuit is in the infant stages of the litigation. Here,

3

This appeal follows.

## Standard of Review

We review the granting of a motion to dismiss *de novo*. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 161-62 (Mo. banc 2016). We assume all facts alleged in the petition are true and liberally construe all inferences from those facts in favor of the plaintiff. *Id.* at 162. We review the petition "to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case." *Id.* "In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss." *Goldsby v. Lombardi*, 559 S.W.3d 878, 881 (Mo. banc 2018). "If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed." *Id.* (internal quotation marks omitted).

## Analysis

### *Elements of McDonald's MHRA Lawsuit*

"The MHRA protects persons aged 40 to 70 from age discrimination." *Kerr v. Curators of the Univ. of Mo.*, 512 S.W.3d 798, 806 (Mo. App. W.D. 2016) (internal quotation marks omitted). Section 213.055.1(1)(a), as it relates to McDonald's petition alleging age discrimination, provides, in part:

1. It shall be an unlawful employment practice:

(1) For an employer, because of the . . . age . . . of any individual:

---

like *Costa*, the motion seeking Rule 67.06 relief was promptly requested less than two weeks after the circuit court's initial dismissal ruling. But here, unlike *Costa*, McDonald took the additional affirmative and good-faith step to attach a proposed amended petition to her Rule 67.06 motion that addressed the exhaustion of remedies topic that the circuit court erroneously believed impacted its subject matter jurisdiction. Hence, like *Costa*, the circuit court should have granted leave for McDonald's amended pleading to be filed, and it was an abuse of discretion for the circuit court to deny Rule 67.06 relief to McDonald. That said, since we are vacating the trial court's dismissal ruling, McDonald's Rule 67.06 motion is no longer relevant and the trial court's ruling thereof is moot.

> (a) To . . . discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's . . . age . . . .

The MHRA defines discrimination, in part, as "any unfair treatment based on . . . age as it relates to employment[.]" § 213.010(5). "Therefore, in enacting the MHRA, the legislature sought to prohibit any consideration of [age] no matter how slight in employment decisions." *Kerr*, 512 S.W.3d at 806.

On May 21, 2018, the Missouri Supreme Court issued its New and Revised MAI-Civil Instructions, Notes on Use, Comments and Historical Notes. The Historical Note clarified that existing MHRA instructions 38.01(A) and (B) and 38.02 apply to cases accruing prior to August 28, 2017. Under the MHRA verdict directing instruction for employment discrimination actions accruing before August 28, 2017, as here, MAI 38.01(A) [2018 Revision] provides:

> Your verdict must be for plaintiff if you believe:
>
> First, defendant (here insert the alleged *discriminatory* act, such as "failed to hire," "discharged" or other act within the scope of § 213.055, RSMo) plaintiff, and
>
> Second, (*here insert one or more of the protected classifications supported by the evidence such as race, color, religion, national origin, sex, ancestry, age or disability*) was a contributing factor in such (*here, repeat alleged discriminatory act, such as "failure to hire," "discharge," etc.*), and
>
> Third, as a direct result of such conduct, plaintiff sustained damage.
>
> * [unless you believe plaintiff is not entitled to recover by reason of Instruction Number ___ (*here insert number of affirmative defense instruction*)]

(Footnotes omitted.)

McDonald alleged in her petition that: she was born August 7, 1952; with the exception of the Chamber president, she was the oldest worker at the Chamber; when she was hired, her salary was $80,000; on November 28, 2016, the Chamber reduced her salary from $80,000 per

year to $50,000 per year; none of the other employees, all of whom were younger than McDonald, had their salaries reduced; and she had not been offered opportunities for career development similar to those offered to younger employees. McDonald further alleged that because of the Chamber's conduct, she suffered damages, including the loss of past and future wages and benefits.

Assuming all the facts alleged in McDonald's petition are true and liberally construing all inferences from those facts in favor of McDonald, as we are required to do, McDonald has alleged facts that meet the elements of an age discrimination claim pursuant to the MHRA.

### Subject Matter Jurisdiction vs. Affirmative Defense

The Chamber alleged in its motion to dismiss that because McDonald filed her petition for damages before receiving a right-to-sue letter from the Commission, she failed to exhaust her administrative remedies under the MHRA, and consequently, the circuit court *lacked subject matter jurisdiction* over McDonald's claims and should dismiss the petition. The circuit court entered its judgment granting the Chamber's motion to dismiss, concluding that the face of McDonald's petition had not invoked the *jurisdiction* of the court due to her failure to fully exhaust administrative remedies available to her at the time of filing.

The Chamber's subject matter jurisdiction argument, accepted by the circuit court and upon which the circuit court's judgment was based, was essentially a "jurisdictional competence" argument that our Missouri Supreme Court has long ago rejected. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). Though section 213.111[7]

---

[7] All statutory references are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2015 noncumulative supplement. Section 213.111 governs the filing of a suit alleging violations of the MHRA in circuit court and states:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice . . . , the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to

6

itemizes statutory prerequisites to filing suit upon an MHRA claim, such statutory prerequisites

do *not* have any impact upon a circuit court's subject matter jurisdiction.

In *Webb*, our Supreme Court clarified that there are only two kinds of jurisdiction:

subject matter jurisdiction and personal jurisdiction. *Id*. at 252. The Court explained:

> In evaluating the jurisdiction of circuit courts, there are cases that, in *dicta*, purport to recognize a third concept, "jurisdictional competence," which often is confused with subject matter jurisdiction. . . . [T]hese cases generally concern situations in which there is no question as to the court's authority to decide the general issue before it, but there is a question whether the issue or parties affected by the court's judgment are properly before it for resolution at that time. . . . [T]hese cases do not question the court's subject matter or personal jurisdiction and really go to the court's authority to render a particular judgment in a particular case.
>
> . . . .
>
> [T]here is no constitutional basis for this third jurisdictional concept for statutes that would bar litigants from relief. Elevating statutory restrictions to matters of "jurisdictional competence" erodes the constitutional boundary established by article V of the Missouri Constitution, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides. If "jurisdictional competence" is recognized as a distinct concept under which a statute can restrict subject matter jurisdiction, the term creates a temptation for litigants to label every statutory restriction on claims for relief as a matter of jurisdictional competence. Accordingly, having fully considered the potential ill effects of recognizing a separate jurisdictional basis called jurisdictional competence, the courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction; there is no third category of jurisdiction called "jurisdictional competence."

*Id*. at 254 (citations omitted) (internal quotation marks omitted).

---

be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint . . . . Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. . . . Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

Here, the Chamber does not contest that the circuit court *generally* possesses the subject matter jurisdiction as provided by article V, section 14(a) of the Missouri Constitution[8] to hear and determine MHRA claims. But, the Chamber argues that the failure of McDonald to satisfy a statutory prerequisite in its *pleading* renders the *pleading* defective and leaves the court without jurisdiction to proceed to entertain the claim. Hence, this is nothing more than a "jurisdictional competence" argument—not a subject matter jurisdiction argument—and this argument must fail. Statutory prerequisites to suit are *not elements* to a lawsuit; they are *affirmative defenses* thereto, subject to waiver. As such, statutory prerequisites to suit are *not* jurisdictional pleading requirements, at least not since the *Webb* ruling.

"The exhaustion of administrative remedies doctrine has traditionally been characterized as a jurisdictional requirement." *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 154 (Mo. App. W.D. 2010). "[H]owever, the concept of subject matter jurisdiction is no longer applicable to evaluation of the effect of one's failure to exhaust administrative remedies." *Id.* As a result of the Missouri Supreme Court's decision in *Webb*, "a trial court can no longer be said to lack subject matter jurisdiction over unexhausted claims, but rather should be said to lack authority to review those claims as a result of the statutory exhaustion requirement." *Id.* (citing *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 524 n.1 (Mo. App. E.D. 2009)). Thus, both the Chamber and the circuit court were applying long-since outdated "jurisdictional competence" case precedent in the presentation and ruling on Chamber's motion to dismiss. "[A] party's failure to comply with statutory mandates does not deprive a court of jurisdiction to render a decision." *Farrow v. St. Francis Med. Ctr.*, 407 S.W.3d 579, 591 (Mo. banc 2013) (citing *Webb*, 275 S.W.3d at 254).

---

[8] "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." MO. CONST. art. V, § 14(a).

"Whether the trial court has the statutory right to proceed . . . is not a matter of subject matter jurisdiction but a matter of trial error that is waived by the parties if an objection is not brought before the trial court." *Kerr v. Mo. Veterans Comm'n*, 537 S.W.3d 865, 874-75 (Mo. App. W.D. 2017) (internal quotation marks omitted).

In *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473 (Mo. banc 2009), McCracken filed a civil suit for damages in a circuit court. *Id*. at 476. Wal-Mart contested the circuit court's jurisdiction to determine McCracken's claim and asserted that McCracken was a statutory employee whose claim was subject to the Workers' Compensation Act's exclusivity provisions. *Id*. Following a hearing, the trial court concluded that McCracken was a statutory employee of Wal-Mart and, believing this deprived it of subject matter jurisdiction, granted Wal-Mart's motion to dismiss. *Id.*

On appeal, McCracken contended that the circuit court erred in dismissing his petition for lack of subject matter jurisdiction. *Id*. He argued that because his personal injury claim was a civil action, the circuit court had subject matter jurisdiction to determine his case. *Id.* The Missouri Supreme Court agreed, finding that the circuit court had jurisdiction to hear McCracken's claim under article V, section 14 of the Missouri Constitution and erred in dismissing his claim for lack of jurisdiction. *Id*. at 476-77. The Court explained that, instead, Walmart's claim "should be raised as an affirmative defense to the circuit court's *statutory authority to proceed* with resolving his claim." *Id.* at 477. "[N]on-jurisdictional defenses that might bar relief—such as claims that plaintiff lacks capacity to sue, that suit has been filed in the wrong venue, that the defendant is a fellow servant, *or that a statutory prerequisite to suit has not been met*—on the other hand, are subject to waiver if not raised timely in a responsive pleading or as otherwise permitted by Missouri's rules and case law." *Id*. (emphasis added)

9

(citing Rule 55.08 (governing affirmative defenses);[9] Rule 55.27(a)[10] (governing how defenses are asserted)). *See also Dye v. Dep't of Mental Health*, 308 S.W.3d 321, 325 (Mo. App. W.D. 2010) (explaining that issues directed to the circuit court's statutory authority to go forward with hearing and deciding the matter are in the nature of affirmative defenses, and "[a]ffirmative defenses may be waived").

Here, there is no doubt that the Commission's *issuance* of a right-to-sue letter is a statutory prerequisite to suit when asserting a petition for damages pursuant to the MHRA.[11] To be certain, on remand, if raised by Chamber as an affirmative defense in its responsive pleading, the circuit court will be required to ascertain if, in fact, the Commission has *issued* such a right-to-sue letter so as to evaluate the circuit court's *authority* to permit the MHRA claim to proceed.[12]

However, this statutory prerequisite has no impact on the circuit court's subject matter jurisdiction, it is not an element of an age discrimination claim pursuant to the MHRA, and it is not a defense pursuant to Rule 55.27(a) that may be raised by motion to dismiss. Not only did

---

[9] Rule 55.08 provides, in pertinent part: "In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses. . . . A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance. . . ."

[10] Rule 55.27(a) provides that all defenses to claims "shall be asserted in the responsive pleading" though certain defenses as enumerated in Rule 55.27(a) "may at the option of the pleader be made by motion." Here, however, the affirmative defense of "failure to exhaust all administrative remedies" or "failure to meet all statutory prerequisites to suit" is *not* a defense enumerated by Rule 55.27(a).

[11] "The Commission's issuance of a right to sue letter is a precondition to the filing of an MHRA claim in the circuit court." *State ex rel. Naugles v. Mo. Comm'n on Human Rights, B.A.*, 561 S.W.3d 48, 56 (Mo. App. W.D. 2018) (citing *Farrow*, 407 S.W.3d at 591). "'[W]ithout the right to sue letter, the claimant cannot bring a MHRA claim in circuit court.'" *Id.* (quoting *State ex rel. Washington Univ. v. Richardson*, 396 S.W.3d 387, 397 (Mo. App. W.D. 2013). "[O]nce the letter is issued, 'the complainant has the right to bring an action for damages or other relief' against the alleged discriminator." *Washington Univ.*, 396 S.W.3d at 397 (quoting *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 90 (Mo. banc 2003)). "Although not jurisdictional, a right-to-sue letter is a prerequisite to the filing of a MHRA claim in state court." *Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Mo. Comm'n on Human Rights*, 188 S.W.3d 35, 44 (Mo. App. W.D. 2006) (citing *Igoe v. Dep't of Labor & Indus. Relations*, 152 S.W.3d 284, 287 (Mo. banc 2005)).

[12] There does not, however, appear to be any dispute that the Commission has issued a right-to-sue letter.

10

the circuit court err in entertaining Chamber's motion to dismiss, the circuit court substantively erred in accepting Chamber's argument that it did not possess subject matter jurisdiction.

Accordingly, the trial court's judgment is reversed.

**Conclusion**

The circuit court's judgment of dismissal is vacated and the cause is remanded for further proceedings consistent with our ruling today.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Cynthia L. Martin, Judge, concur.